DOUCET, Judge.
Richard Lawrence, while driving a truck owned by his employer, struck the rear end of defendant — Randall Gunn’s vehicle when attempting to pass the latter’s vehicle as the Gunn automobile began executing a left-hand turn. The collision resulted in property damage to both vehicles. Subsequently, suit was filed by West Louisiana Petroleum Corporation seeking recovery of damages to the truck driven by Lawrence. The trial judge found plaintiff failed to establish any negligence on the part of defendant by a preponderance of the evidence and, accordingly, dismissed plaintiff’s demands. Plaintiff appeals. We affirm.
The facts giving rise to this suit were set forth accurately by the trial judge as follows:
“Petitioner, West Louisiana Petroleum, Corporation, instituted this action against Defendant, Randall Gunn, to recover for damages sustained by it to one of its vehicles, namely, a certain 1975 Ford truck, in a collision between said truck, which was being driven by one of its employees, Richard E. Lawrence, and a Chrysler automobile owned and being driven by Defendant, Randall Gunn.
The collision occurred on December 17, 1981, at a point on La. Hwy. 6, some five or six miles west of the Town of Many, in Sabine Parish, Louisiana.
La. Hwy. 6 is a two-lane, hard surfaced road, and at the point where the collision occurred runs in a generally East-West direction.
The collision occurred at about 7:30 A.M.
The sun was up, the weather was clear and the road was dry.
The evidence established that immediately prior to the collision both vehicles were travelling in a westerly direction, in the North or West-bound lane.
Defendant-Gunn was proceeding westerly at a slow rate of speed as the Court recalls it, about 30 or 40 miles per hour.
*1291 Petitioner employee, Mr. Lawrence, had come around a curve, from the East, and was approaching Defendant’s vehicle at a rate of speed Mr. Lawrence estimated at 50-55 miles per hour.
Mr. Gunn testified that he slowed, looked in his rear view mirror, saw no oncoming vehicle, gave a left-hand turn signal, and commenced a left hand turn across Louisiana Hwy. 6, when he was struck from the rear by the front end of Plaintiff’s vehicle.
Mr. Gunn planned to turn left, onto a road leading to an oil well site where he had been working 3 or 4 days. He said he was familiar with the turnoff.
Mr. Lawrence denied Defendant gave a left hand turn signal.
Mr. Lawrence testified that he overtook Defendant’s vehicle, and, without ever checking his own speed, started to pass Defendant’s slow-moving car, on its left, when Defendant suddenly turned in front of him, whereupon, he, Mr. Lawrence, hit his brakes, threw his vehicle to the right to avoid hitting Defendant broadside.
The Trooper’s testimony established that the collision occurred in the west-bound lane; the Plaintiff’s tractor left approximately 115 feet of skid marks prior to collision, the first 15 to 20 feet of which were straight from the point where first applied, then curved from the west lane toward the east lane, but stayed in the west-bound lane, to point of impact, and curved over into east-bound lane. The entire back end of Defendant’s vehicle was damaged. The rear lights were demolished.
The skid marks were made by the rear wheels of the Plaintiff’s tractor.
Defendant left no skid marks.
The testimony of the State Trooper, who is the only disinterested party, as well as being a professional law enforcement officer, is not inconsistent with Defendant’s version of the event.
The Plaintiff bears the burden of establishing his case by a preponderance of the evidence, which it has failed to do in this case.”
Although the appellant makes no concise specification of errors as required by the Uniform Rules — Courts of Appeal, Rule 2:12.4, it appears from brief that the crux of appellant’s complaints are the trial judge’s factual findings and evidentiary rulings. More specifically, plaintiff contends the finder of fact erred in: concluding that the accident occurred in the west-bound lane, finding no negligence on behalf of defendant, and refusing to admit into evidence the drawing of a police officer which reflected his assessment.
It is well established that a following motorist has a duty to respect a forward motorist’s announced intention to turn. Equally well established is that the plaintiff must prove his ease by a preponderance of evidence. The conclusion of the trial judge with regard to such facts, particularly where it involves assessing the credibility of witnesses, is entitled to great weight and will not be disturbed on appeal unless shown to be manifestly erroneous. Canter v. Koehring Co., 283 So.2d 716 (La.1973). In the present appeal, there has been no such showing.
With regard to appellant’s contention that the trial judge erred in excluding from evidence certain portions of a police report, to wit: the drawing of Trooper Sin-gletary showing his factual findings at the accident scene, we find any error to be harmless in view of the facts found by us hereinabove to be correct.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.