430 So.2d 1362 (1983)
Heirs of Field V. GREMILLION, Jr., et al., Plaintiffs-Appellants,
v.
RAPIDES PARISH POLICE JURY, Defendant-Appellee.
No. 82-766.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1983.
Rehearing Denied May 26, 1983.
Writs Denied June 27, 1983.
*1363 McLure & McLure, John G. McLure, Alexandria, for plaintiffs-appellants.
Gus Voltz, Jr., Asst. Dist. Atty., Alexandria, for defendant-appellee.
Before GUIDRY, STOKER and KNOLL, JJ.
GUIDRY, Judge.
Plaintiffs appeal the judgment of the trial court which decreed the rescission of a certain sale of property from plaintiffs to the Police Jury of Rapides Parish, reversion of title to such property to plaintiffs and *1364 awarded them $6,600.00 in liquidated damages.
The facts are not in dispute. On July 16, 1975, the plaintiffs (or their ancestors in title) sold a tract of land to the defendant, the Rapides Parish Police Jury, for $6,600.00. The tract, a narrow strip of property roughly .69 mile long and 125 feet wide and comprising 8.8 acres, bisects a larger tract owned by the plaintiffs. The Police Jury bought the property to build a canal in order to alleviate drainage problems in the vicinity, a low-lying wooded area in rural Rapides Parish.
As part of the sales agreement, the Police Jury agreed to a number of conditions, two of which are important to our consideration of the issue presented. The Police Jury agreed, among other conditions, (1) to remove all trees and shrubs, level and smooth the spoil dirt to a depth not to exceed two feet, and clear or burn all debris; and, (2) to erect over the canal a two-traffic lane bridge capable of supporting 20 ton loads, to be built within six months from demand by the plaintiffs.
The contract of sale also contained the following provision:
"In default of any of these conditions, either the said property shall revert to the vendors who have signed this deed or their heirs or assigns and the $6,600.00 purchase price shall be retained as liquidated damages or the said vendors, their heirs and assigns, shall have the right to sue for specific performance of this contractual agreement."
It is not disputed that the Police Jury has failed to perform either of the aforementioned conditions. The spoil has not been leveled, tree stumps and other debris remain on the property, and no action has been taken with regard to construction of a bridge, despite repeated demands by the plaintiffs.
The plaintiffs filed this suit against the Police Jury on August 31, 1981. Their petition contains the following allegations:
"Petitioners allege that defendant is in default under the contract because amicable demand was made on the defendant on November 15, 1978, March 17, 1981 and June 8, 1981 to comply with its obligations under the sales agreement and it has failed and refused to do so, and has advised plaintiffs or their representatives that they are not going to comply with their contractual obligations; that plaintiffs are entitled to damages which will compensate them for the loss resulting from the failure of defendant to fulfill the terms of the contract.
....
Petitioners show that they are entitled to damages of $250,000.00, which they estimate will be the cost of performing the conditions of the contract which were to have been performed by the defendant, who has failed to comply with the sales agreement in the manner particularized above."
The petition prayed for judgment in the amount of $250,000.00. The defendant answered admitting execution of the contract of sale; the construction of the drainage canal; and, failure of the Police Jury to spread the spoil or construct a bridge pursuant to the terms of such contract. Defendant further admitted amicable demand by plaintiff for performance but denied plaintiffs' entitlement to damages. The defendant reconvened seeking a rejection of plaintiffs' demand. In addition, in its reconventional demand, defendant sought a rescission of the 1975 contract of sale urging in effect that specific performance by the Rapides Parish Police Jury would cost many times the value of the property used and the contract would therefore be lesionary and further, that specific performance would, in effect, amount to a donation of something of value to the plaintiffs in violation of the Constitution and laws of the State of Louisiana.
The trial judge found all the facts favorable to the plaintiffs. In his written reasons for judgment, he stated that, of the alternative remedies available, the plaintiffs chose to sue for damages, and were thus limited to the amount of liquidated damages specified in the contract. See LSA-C.C. Art. 1934(5). Judgment was rendered *1365 rescinding the sale and allowing the plaintiffs to retain the $6,600.00 purchase price as liquidated damages. The trial court judgment makes no specific reference to the defendant's reconventional demand. The plaintiffs appealed urging that the trial court erred in not awarding them the remedy of specific performance.
The plaintiffs contend that their suit was one for specific performance, or in the alternative, damages in an amount sufficient to have the specified conditions performed by another party. They argue that the trial court was in error in granting a remedy which they did not seek, i.e., rescission of the contract and liquidated damages. For the reasons which follow, we hold that the trial court erred in not granting the plaintiffs the remedy of specific performance.
[1,2] LSA-C.C.P. Art. 862 provides:

"Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."[1]
This article suppresses the harsh "theory of the case" requirement. The plaintiff may be granted any relief to which he is entitled under the evidence presented. Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La. 1974). Our courts look through the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceeding. Griffith v. Roy, 263 La. 712, 269 So.2d 217 (La.1972).
A plaintiff is not required to choose irrevocably between the remedies of specific performance and damages when he sues on a contract authorizing either remedy. Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267 (La.1981). In Giron, the plaintiff originally sued for specific performance of a contract by injunction. He thereafter amended his petition to sue for damages for breach of the contract. After rejecting the common law election of remedies doctrine, the Supreme Court stated:
"Furthermore, even if the doctrine were available in Louisiana, it would not prevent the plaintiff in the present case from amending his petition with leave of court to alter his demand to pray for damages. The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies. However, when a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies. In such a case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication or unless by the invocation of the remedy first sought to be enforced the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other." (citations omitted)
In the instant case, the plaintiffs' petition prays for damages in the amount of $250,000.00, the estimated cost of having the contract provisions performed by another party. This remedy is not available to the plaintiffs because it was not one of the alternative remedies agreed to by the parties. Furthermore, where parties by contract determine an amount of damages to be paid for its breach, the creditor may not recover more than that sum. LSA-C.C. Art. 1934(5). Under these circumstances, the plaintiffs may not recover damages exceeding the amount of liquidated damages agreed to in the contract, $6,600.00. While the plaintiff did not specifically pray for one of the remedies authorized by the sale agreement, they unquestionably pleaded, and subsequently proved, facts entitling them to relief. The trial court's duty at that point was to ascertain the true nature of the relief sought and render substantial justice to the parties. Griffith v. Roy, supra.
*1366 It is clear from the pleadings and the evidence presented that the plaintiffs were not seeking the remedy they were granted, i.e., rescission of the contract of sale and liquidated damages. The plaintiffs' answer to the reconventional demand filed by the defendant contains the following paragraph:

"In answer to the allegations of fact contained in Paragraph 13 of the reconventional demand, respondents aver that the sales agreement itself, or a certified copy of the same, would be the best evidence of its contents and they specifically say that it is at the option of plaintiffs herein and defendants in reconvention to either retain $6,600.00 as liquidated damages or sue for specific performance and they have sued for specific performance or, in the alternative, for damages. Otherwise, the allegations of this paragraph are denied." (emphasis supplied).

The judgment of the trial court has left the plaintiffs in a far worse position than they were in prior to the sale. While under the trial court judgment they will regain the ownership of the property and retain the $6,600.00 purchase price, the spoil dirt remains piled along the banks of the canal together with tree stumps and other debris, leaving the property in an unsightly condition, and plaintiffs' property, formerly one tract of land, is now divided by a large drainage canal almost 100' in width. One contractor testified that the cost of spreading the spoil dirt to contract specifications would be $45,000.00 to $50,000.00. The very inadequacy of the remedy of rescission lends great support to the plaintiffs' argument that they never contemplated seeking rescission and liquidated damages.
The fact that the Police Jury violated the conditions of the sale was never seriously disputed. The plaintiffs' evidence at trial primarily consisted of estimates of the cost of performing the conditions agreed to by the Police Jury. If the plaintiffs had been seeking rescission and liquidated damages, this testimony would have been entirely useless, and there would have been no need for the plaintiffs to present it.
The foregoing circumstances lead to the inescapable conclusion that the remedy granted by the trial court was never sought or contemplated by the plaintiffs.
It is true that the plaintiffs' petition prayed for damages rather than a judgment ordering specific performance. However, the whole of the pleadings and the evidence presented reveal that the plaintiffs prayed for the cost of having the conditions performed by another party on the belief that the Police Jury would never perform the conditions, even if ordered to do so by judgment of the court. We are convinced that the plaintiffs' pleadings, however, drawn, are more in the nature of a demand for specific performance. See 7 LitvinoffLa. Civ.Law Treat. Sec. 164 et seq., pages 303 et seq. The trial court erred in not granting this remedy.
Although the trial court judgment does not specifically reject the defendant's reconventional demand for rescission of the agreement between the parties, we conclude that such demand was rejected by implication. It appears to be settled that there should be but one final judgment in a case, and that all issues presented by the pleadings and on which evidence has been offered must be considered as disposed of thereby. When the judgment is silent as to certain demands, they are considered rejected by implication. Soniat v. Whitmer, 141 La. 235, 74 So. 916 (1917); Mexic Bros. Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir. 1966); Brady v. American Insurance Co., 198 So.2d 907 (La.App. 4th Cir.1967). The implication that defendant's reconventional demand was rejected by the trial court is made clear by the judgment rendered in favor of plaintiffs. In our view, the trial court's rejection of defendant's reconventional demands for rescission of the agreement on the grounds of lesion, etc., is clearly correct. Lesion, as a matter of law, is not available to a vendee and the agreement between the parties was not one of donation.
For the above and foregoing reasons, the judgment of the trial court, insofar as it rescinds the agreement of July 16, 1975, and *1367 recognizes ownership and title of the property conveyed thereby to have reverted to plaintiffs and decrees the purchase price of $6,600.00 paid in connection with the sale dated July 16, 1975, should be retained by plaintiffs as liquidated damages, is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against the defendant, Rapides Parish Police Jury, ordering the said defendant to specifically perform the obligations assumed by it in the aforesaid act of sale dated July 16, 1975, within a reasonable time reckoning from the date on which this judgment becomes final. It is further ordered that the defendant, Rapides Parish Police Jury, be cast for all costs of these proceedings both at the trial level and on appeal, costs at the trial level being fixed at $288.28, and costs of this appeal being fixed at $352.00.
REVERSED AND RENDERED.
NOTES
[1] LSA-C.C.P. Art. 1703 refers to judgments by default.