460 So.2d 718 (1984)
PRIMVEST, INC., Plaintiff-Appellee,
v.
Martha DUGAS, Defendant-Appellant.
No. 83-1127.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*719 Richard S. Hoover, Lafayette, for defendant-appellant.
Funderburk, Conque & Herpin, Joseph C. Kosarek, Abbeville, for plaintiff-appellee.
Before DOUCET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
Martha Dugas appeals a $3,695.00 money judgment against her which was based on the doctrine of unjust enrichment, contending that the plaintiff, Primvest, Inc., did not plead the application of the doctrine in its petition, and that therefore the trial court should not have applied the doctrine. She also appeals the trial court's finding that the elements of unjust enrichment were satisfied by the evidence. We affirm, *720 finding that, although the pleadings did not allege unjust enrichment, appellant was given fair and timely notice of the cause of action, and that she was not taken by surprise at any of the evidence presented at the trial. We also find the elements of unjust enrichment were proved.
Primvest, Inc., an importer-exporter, through its president, Curtis Primeaux, bought a used car for appellant, Martha Dugas, paying $3,695 by means of a company check to the car dealer. Primeaux contends the purchase of the car was the first step toward the confection of an employment contract, under which Martha Dugas was to work for the company in various capacities, including that of a salesman, and also as the driver for Primeaux, who was then confined to a wheelchair, to enable him to make sales calls. After the car was bought for Dugas and delivered to her, nothing further was done to finalize an employment agreement, and no services were ever rendered to the company by Dugas. Primvest's demand for reimbursement of the cost of the car went unanswered.
Primvest filed suit. Entitled "Petition in Suit on Money Due", the suit alleged that Martha Dugas agreed to become employed, that as a portion of her compensation the car was bought for her and put in her name and possession, that she then refused to become employed and render services, and that Primvest was entitled to recovery of $3,695, the purchase price of the car. Nowhere in the petition did Primvest allege unjust enrichment as a basis for recovery.
In her answer to the suit, Martha Dugas denied an employment agreement and pleaded the defense that the car was a manual gift from Curtis Primeaux.
The evidence consisted only of the testimony of Curtis Primeaux and Martha Dugas. At the trial she abandoned her pleaded contention that the car was a manual gift, testifying instead that she had paid Primvest for it in cash. She explained that she withdrew her life savings in cash, that she gave the money to Primeaux, and that he in turn wrote his check to the used car dealer, supposedly to get the advantage of a better deal through his bargaining power. Primeaux denied this. No documentary evidence was introduced by Dugas to support her defense of payment.
The trial judge believed Primeaux. The court found that plaintiff failed to prove a contract but that Primvest had established its entitlement to recovery of the money under the doctrine of unjust enrichment.
Trial court findings based on credibility of the witnesses are entitled to great weight and will not be disturbed on appeal unless shown to be manifestly erroneous. West Louisiana Petroleum Corp. v. Gunn, 428 So.2d 1289 (La.App. 3rd Cir. 1983). In the present appeal there has been no showing of manifest error. We accordingly find the facts to be as outlined by the testimony of Primeaux. His company purchased the defendant an automobile. The company expended $3,695 for the vehicle. The purchase was not intended as a gift. The defendant has not reimbursed the company the money and the defendant still has possession and use of the vehicle. The trial court did not find credible the testimony of the defendant that alleged she gave Mr. Primeaux the cash for the purchase. These are the basic facts upon which appellant's assignments of error are to be determined.
On appeal, Martha Dugas' assignments are two: (1) she contends that, because Primvest did not include in its pleadings "unjust enrichment" as a basis for its recovery, the trial court erred in awarding recovery based on the theory of unjust enrichment, and (2) even if the doctrine was available to plaintiff, the elements of the doctrine were not satisfied by the evidence. We reject both contentions.
It was not a technical necessity that the words "unjust enrichment" be included in plaintiff's pleadings, in order for it to recover under that doctrine. In Louisiana the Civil Code of Procedure provides for fact pleadings under LSA-C.C.P. arts. 862 and 1154; the "theory of the case" doctrine has been eliminated and the court *721 should render the relief to which a party is entitled under the evidence presented even if it has not been demanded in the pleadings. Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3rd Cir. 1983); writs denied 435 So.2d 426 and 440 (La.1983); and Arceneaux v. Bellow, 395 So.2d 414 (La.App. 3rd Cir.1981), writ denied 400 So.2d 669 (La.1981). Our courts look through the caption, style, and form of pleadings to determine from the substance of the pleadings the nature of the proceedings. Gremillion, supra.
In Southern Mosaic Tile, Inc. v. Alessi, 411 So.2d 601 (La.App. 1st Cir.1982), the court was confronted with a similar argument. In that case the plaintiff filed suit on an oral construction contract to collect the balance allegedly due under the contract. At trial on the merits, the district court found that there was no contract. However, the court found that the defendant was liable for a reasonable amount for the labor and materials furnished, evidently under the theory of unjust enrichment, and awarded recovery measured by quantum meruit. On appeal the defendant argued that the trial court erred in allowing the introduction of evidence on the issue of quantum meruit since the plaintiff had not raised that issue as a basis of recovery. The court answered the argument by noting that defendant knew exactly why plaintiff had filed suit and was aware of all its contentions, as well as what it was trying to recover. The court said:
"Hence, we find that from December, 1978, until the trial on March 9, 1981, Alessi was made aware of the contentions of Southern Mosaic Tile in this matter. It is noted that Alessi filed only a general denial, did not avail himself of discovery procedures, and did not request a continuance of the trial. We find that appellant was not deprived of fair and timely notice of appellee's cause of action or claim, and was not or should not have been taken by surprise at any of the evidence presented at the trial. Appellee was not required to plead `quantum meruit' under the circumstances of the instant case in order to be allowed recovery under that theory or doctrine."
In the instant case, the issues were clear cut. The price paid for the car was not disputed. As far as plaintiff was concerned the only issue was whether defendant got something for nothing, and now should restore it. As far as defendant was concerned, the only issue she raised by the pleadings was whether the car was a manual gift, that issue being changed at trial to the contention that she had reimbursed plaintiff the price of the car. These being the fact issues framed by the parties, a testimonial airing of them supplied the evidence necessary for testing the elements of unjust enrichment. Defendant could not have been surprised that the doctrine might be applied by the court.
Plaintiff is not seeking damages in this suit for breach of an employment contract. Under these pleadings we do not find that defendant was deprived of fair and timely notice of plaintiff's cause of action or claims, and was not or should not have been taken by surprise by any of the evidence presented at trial or by the fact that the trial court rendered judgment under the theory of unjust enrichment. Under these circumstances we do not find that plaintiff was required to plead "unjust enrichment."
We also find that the elements of unjust enrichment were satisfied by the evidence. The five prerequisites are as follows: (1) there must be enrichment; (2) there must be an impoverishment; (3) there must be a connection between the enrichment and the impoverishment; (4) there must be an absence of "justification" or "cause" for the enrichment or impoverishment; and (5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967).
Under the facts of this case it is clear that defendant had received an enrichment by the plaintiff's purchase of the *722 vehicle and that the plaintiff was impoverished in the amount of $3,595, the amount it expended for the vehicle. There is definitely a connection between the defendant's enrichment and the plaintiff's impoverishment, and there was no justification for the enrichment or the impoverishment. There is also no other remedy at law.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.