484 So.2d 853 (1986)
LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY
v.
Leon DUNN, Sr., et al.
E.H. WELCH
v.
EMPIRE INSURANCE COMPANY, et al.
Nos. CA 84 1381, CA 84 1380.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
*854 Joseph H. Simpson and Richard Schwartz, Amite, for E.H. Welch.
R. Bradley Lewis, Bogalusa, for Leon Dunn, Sr., Leon Dunn, Jr. and Empire Ins. Co.
Henry Bernard, Jr., Baton Rouge, for La. Farm Bureau Mut. Ins.
Before CARTER, SAVOIE and ALFORD, JJ.
SAVOIE, Judge.
Defendants, Leon Dunn, Sr., Leon Dunn, Jr. and Empire Insurance Company, appeal the trial court's judgment finding Leon Dunn, Jr. negligent and awarding plaintiff, E.H. Welch, what defendant's considered to be an excessive award.
On July 18, 1983, Welch was driving a herd of his dairy cows across State Highway 1050 in the Parish of Tangipahoa. As he attempted same, Leon Dunn, Jr., driving a tractor trailer rig loaded with timber, was traveling on said road toward the cattle. As he crested the hill approximately 900 feet from the crossing cattle, Leon Dunn, Jr. saw the animals, commenced downshifting, and applied his brakes. Unable to stop his vehicle in time, it collided with a number of cows. As a result, ten cows were either killed outright or required destruction.
*855 Welch filed suit against Leon Dunn, Jr.; Leon Dunn, Sr., owner of the tractor trailer rig; and Empire Insurance Company, insurer of the vehicle, for the sum of $51,367.00 and continuing damages in the amount of $75.00 per day. Thereafter, Welch's own property damage insurer, Louisiana Farm Bureau Insurance Company (hereinafter referred to as Louisiana Farm Bureau) filed suit for reimbursement of the $4,000.00 it paid Welch for his loss.
The trial court, finding Leon Dunn, Jr. negligent, awarded Welch $15,000.00 for the loss of his cows, $117.00 for a veterinarian bill, $12,186.00 for lost milk production, and $2,500.00 for mental anguish. Such sums were subject to a $2,045.45 credit for beef and cash Welch received from the slaughtering of the cattle he lost. Additionally, the trial court awarded $636.00 in expert witness fees.
Defendants appeal, contending that the trial court erred in:
1. Holding that the defendant, Leon Dunn, Jr., was negligent when the physical evidence and the testimony of the State Trooper all pointed to the fact that the accident was a result of the cows entering the road a short distance in front of Mr. Dunn's truck;
2. Holding that Welch was free from negligence;
3. Holding that Welch could be awarded $12,186.00 for loss of use of property when the evidence was clear that the property could have been replaced within one week;
4. Awarding Welch damages for mental anguish and inconvenience; and
5. Awarding Welch damages for the loss of twelve cows when the evidence only shows ten cows were lost, and allowing Welch to amend his petition after trial to ask for damages for the loss of twelve cows.

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Defendants contend that the trial court erred in finding Leon Dunn, Jr. negligent and Welch free of negligence based upon the facts adduced. In essence, defendants contend that the trial court erred in not accepting their version of the accident in view of the evidence of the investigating State Trooper.
It is well settled in Louisiana that the trial court's findings of fact will not be disturbed on appeal absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Moreover, the finder of fact must assess the credibility of witnesses and may refuse, or accept, all or part of the testimony of any witness. Holmes v. Southeastern Fidelity Insurance Company, 422 So.2d 1200 (La.App. 1st Cir.1982), writ denied, 429 So.2d 133 (La.1983).
The record reflects that Leon Dunn, Jr. crested the hill doing approximately 30-35 mph. Welch's truck was parked a short distance from the crossing cattle towards the crest of the hill with its warning flashers on. It was unrebutted that this was the custom in this area to warn motorists of a cattle crossing ahead. As soon as he saw the crossing cattle, Leon Dunn, Jr. started downshifting and applying his brakes. Due to his inability to stop in time, a number of cows were either injured or killed. Welch contends that the vehicle could not stop in time due to the trailer's brakes being defective and/or non-existent. Defendants assert this is not true in view of the investigating State Trooper's testimony that the vehicle left skid marks. They contend this fact substantiates their claim that the cattle started across the road just as the tractor-trailer was upon them. Leon Dunn, Jr. contends there was no way that he could have stopped in time to avoid the accident. Testimony was also adduced that Leon Dunn, Jr. had in the past stopped at this location for crossing cattle.
Based upon the entire record, we cannot say that the trial court was manifestly wrong in determining that Leon Dunn, Jr. saw the crossing cattle before he contends he did, and for whatever reason, negligently failed to stop and collided with the cows. We also find that the trial court was not manifestly wrong in finding that Welch *856 was not contributorily negligent. Accordingly, these assignments of error are without merit.

ASSIGNMENTS OF ERROR NOS. 3, 4, AND 5
Defendants next contend the trial court erred in awarding plaintiff: (1) $12,186.00 for loss of use of property, (2) damages for mental anguish and inconvenience, and (3) damages for the loss of twelve cows when the evidence shows he lost only ten.
Every act of man which causes damage to another obliges him by whose fault it happened to repair it. LSA-C.C. art. 2315. Encompassed within this duty is the principle that we place the plaintiff in the same position as if he had not been injured. As such, an award may be made for the loss of income due to the loss of his property. However, one is liable for those damages only for a reasonable time, that period in which the owner becomes aware of the loss and secures a replacement thereof. See generally Meshell v. Insurance Company of North America, 416 So.2d 1383 (La.App. 3rd Cir.1982). One cannot recover against a tortfeasor for a loss beyond the time which should have been reasonably necessary to replace the property. See generally Blum v. All State Insurance Company, 351 So.2d 283, (La.App. 3rd Cir.1977), writ denied, 353 So.2d 1036 (La.1978). Moreover, this court will not disturb a trial court's award absent abuse of its much discretion. Reck v. Stevens, 373 So.2d 498 (La.1979).
In the instant case, Welch asserts he lost certain sums for lost milk production. He contends he did so because he did not have sufficient funds to purchase replacement cows. As a result, he contends he lost milk production for 275 days amounting to $12,270.13. Such figure takes into account the decreased cost in food consumption for the ten lost cows. He further testified that had he been able to purchase the cows, he could have had them within one week from the date of loss. Welch also stated that from the date of the accident until the date of trial, he had refinanced two loans. At present, he testified that he was attempting to sell his farm for approximately $500,000.00 while it was mortgaged for only $217,000.00.
Based upon these facts, we find that an unreasonable period of time passed during which Welch did not secure replacement cows. Replacement cows could well have been secured within one week after the date of the accident. Accordingly, the trial court erred in awarding damages for lost milk production for 275 days. Based upon the evidence adduced, it is clear that Welch's lost milk production for one week amounted to $312.34. Accordingly, we amend the trial court's judgment to award $312.34 for lost milk production.
It is equally well settled that an award for mental anguish as a result of damage to property is normally permitted in but four instances; (1) property damaged by an intentional or illegal act; (2) property damaged by acts for which the tortfeasor will be strictly or absolutely liable; (3) property damaged by acts constituting a continuous nuisance; and (4) property damaged at a time which the owner thereof is present or situated nearby and the owner experiences trauma as a result. Farr v. Johnson, 308 So.2d 884 (La.App. 2nd Cir.), writ denied, 310 So.2d 854 (La. 1975); see also Shulze v. Perry, 427 So.2d 467 (La.App. 5th Cir.), writ denied, 434 So.2d 1091 (La.1983); and Meshell, supra. Moreover, the trial court's findings of fact will not be disturbed on appeal absent manifest error. Arceneaux, supra.
In the matter sub judice, the record reflects that Welch was present at the time his property (the cows) were injured or killed. His unrebutted testimony indicates that he did not suffer trauma at the sight of the injured or dead cattle. Rather, his claimed trauma was allegedly caused by his possible financial loss, allegedly causing him many sleepless nights worrying about his financial position.
We find that concern of financial loss is incidental to every loss. This is not the type of mental anguish generally compensable with the loss of animal(s). Nor do we *857 find the degree of mental anguish so severe as to substantiate an award. Accordingly, the trial court's award of $2500.00 is hereby reversed.
Lastly we address the issue of Welch's amended petition. A final judgment shall grant relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contains no prayer for general and equitable relief. LSA-C.C.P. art. 862; and Primvest, Inc. v. Dugas, 460 So.2d 718 (La.App. 3rd Cir.1984). Moreover, issues not raised by the pleadings may be submitted and the pleadings thereafter amended, even if objected to at trial, when the presentation of the action's merits will be subserved by permitting the amendment. LSA-C.C.P. art. 1154.
In the instant matter, Welch testified that the cows lost were good milking cows. When adducing evidence regarding how to compensate Welch for ten good milking cows, the trial court permitted the testimony of Welch's expert, Gorman Gill, to expand Welch's pleadings. Such testimony substantiated that the purchase of twelve cows would be required to finally secure ten good milking cows. Mr. Gill testified that this culling process is inherent in this type of business. Defendants produced no rebutting testimony.
Based upon the foregoing evidence adduced, we find that the trial court did not err in permitting the testimony of Mr. Gill and in its award. Arceneaux, supra.
For the above and foregoing reasons the trial court's awards of $15,000.00 for the loss of the cows and $117.00 for the veterinarian bill are affirmed. The judgment of the trial court is amended to reduce the award for lost milk production from $12,186.00 to $312.34 and to eliminate the award for mental anguish. The foregoing is subject to a credit of $2,045.45. The award of $636.00 for expert witness fees is also affirmed. Defendants are to pay all costs of the appeal.
AMENDED IN PART AND AS AMENDED AFFIRMED.