480 So.2d 748 (1985)
HEIRS OF Field V. GREMILLION, Jr., et al., Plaintiffs/Appellants/Appellees,
v.
RAPIDES PARISH POLICE JURY, Defendant/Appellant/Appellee.
No. 84-608.
Court of Appeal of Louisiana, Third Circuit.
September 6, 1985.
Rehearing Denied January 23, 1986.
Writs Granted March 21, 1986.
*749 McLure & McLure, John G. McLure, Alexandria, for plaintiffs-appellants.
Edwin O. Ware, Alexandria, for defendant-appellee.
Before GUIDRY, FORET and KING, JJ.
GUIDRY, Judge.
This case is before this court for a second time. In Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3rd Cir.1983), writs denied, 435 So.2d 426 and 440 (La.1983), we ordered the defendant, Rapides Parish Police Jury (Police Jury), to specifically perform certain obligations it assumed under a contract of sale with plaintiffs. Following the finality of that judgment and a failure by defendant to specifically perform its obligations under the contract, plaintiffs filed suit seeking an order of contempt, a writ of distringas and a money judgment against the defendant, Police Jury, in lieu of specific performance. The trial court found defendant in contempt of court and ordered it to pay a fine of $250.00 per day until compliance with the order of specific performance. The trial court denied plaintiffs' requests for a writ of distringas and for a money judgment against defendant. Both parties have appealed the trial court's decision.
Plaintiffs set forth the following specifications of error on appeal:
1. The trial court, despite finding defendant in contempt of court, erred in refusing to order defendant to appropriate the funds necessary for compliance with the specific performance order;
2. The trial court erred in refusing to issue a writ of distringas against defendant, or such other available remedy, to force defendant's compliance with the order of specific performance;
3. The trial court erred in refusing to grant plaintiffs' request for a money judgment in the amount of $250,000.00; and,
4. The trial court erred in simply ordering defendant to pay a fine for its contempt of court.
Plaintiffs additionally seek damages for the alleged frivolous appeal brought by defendant. Defendant appeals the trial court's decision which found that it was in contempt of court.

FACTS
The underlying facts surrounding the present dispute were set forth by this court in Gremillion v. Rapides Parish Police Jury, supra, as follows:
"The facts are not in dispute. On July 16, 1975, the plaintiffs (or their ancestors in title) sold a tract of land to the defendant, the Rapides Parish Police Jury, for $6,600.00. The tract, a narrow strip of property roughly .69 mile long and 125 feet wide and comprising 8.8 acres, bisects a larger tract owned by the plaintiffs. The Police Jury bought the property to build a canal in order to alleviate drainage problems in the vicinity, a lowlying wooded area in rural Rapides Parish.
As part of the sales agreement, the Police Jury agreed to a number of conditions, two of which are important to our consideration of the issue presented. The Police Jury agreed, among other conditions, (1) to remove all trees and shrubs, level and smooth the spoil dirt to a depth not to exceed two feet, and clear or burn all debris; and, (2) to erect over the canal a two-traffic lane bridge capable of supporting 20 ton loads, to be built within six months from demand by the plaintiffs.
The contract of sale also contained the following provision:

"In default of any of these conditions, either the said property shall revert to the vendors who have signed this deed or their heirs or assigns and the $6,600.00 purchase price shall be retained as liquidated damages or the said vendors, their heirs *750 and assigns, shall have the right to sue for specific performance of this contractual agreement."

It is not disputed that the Police Jury has failed to perform either of the aforementioned conditions. The spoil has not been leveled, tree stumps and other debris remain on the property, and no action has been taken with regard to construction of a bridge, despite repeated demands by the plaintiffs.
The plaintiffs filed this suit against the Police Jury on August 31, 1981. Their petition contains the following allegations:
"Petitioners allege that defendant is in default under the contract because amicable demand was made on the defendant on November 15, 1978, March 17, 1981 and June 8, 1981 to comply with its obligations under the sales agreement and it has failed and refused to do so, and has advised plaintiffs or their representatives that they are not going to comply with their contractual obligations; that plaintiffs are entitled to damages which will compensate them for the loss resulting from the failure of defendant to fulfill the terms of the contract.
....
Petitioners show that they are entitled to damages of $250,000.00, which they estimate will be the cost of performing the conditions of the contract which were to have been performed by the defendant, who has failed to comply with the sales agreement in the manner particularized above."
The petition prayed for judgment in the amount of $250,000.00. The defendant answered admitting execution of the contract of sale; the construction of the drainage canal; and, failure of the Police Jury to spread the spoil or construct a bridge pursuant to the terms of such contract. Defendant further admitted amicable demand by plaintiff for performance but denied plaintiffs' entitlement to damages. The defendant reconvened seeking a rejection of plaintiffs' demand. In addition, in its reconventional demand, defendant sought a rescission of the 1975 contract of sale urging in effect that specific performance by the Rapides Parish Police Jury would cost many times the value of the property used and the contract would therefore be lesionary and further, that specific performance would, in effect, amount to a donation of something of value to the plaintiffs in violation of the Constitution and laws of the State of Louisiana.
The trial judge found all the facts favorable to the plaintiffs. In his written reasons for judgment, he stated that, of the alternative remedies available, the plaintiffs chose to sue for damages, and were thus limited to the amount of liquidated damages specified in the contract. See LSA-C.C. Art. 1934(5). Judgment was rendered rescinding the sale and allowing the plaintiffs to retain the $6,600.00 purchase price as liquidated damages. The trial court judgment makes no specific reference to the defendant's reconventional demand. The plaintiffs appealed urging that the trial court erred in not awarding them the remedy of specific performance.
The plaintiffs contend that their suit was one for specific performance, or in the alternative, damages in an amount sufficient to have the specified conditions performed by another party. They argue that the trial court was in error in granting a remedy which they did not seek, i.e., rescission of the contract and liquidated damages."
In our original opinion, we concluded that the trial court erred in determining that the plaintiffs' suit was for damages and not for specific performance. We therefore reversed that part of the trial court's judgment which rescinded the contract of sale between the parties and allowed plaintiffs' retention of the $6,600.00 sale price as liquidated damages. We also held that the trial court's silence as to defendant's reconventional demand was an implied rejection of such. On April 13, *751 1983, this court rendered judgment in favor of plaintiffs and against defendant, ordering defendant to specifically perform the obligations of its contract with plaintiffs within a reasonable time from the date of finality of that judgment. Defendant was also cast with all costs of the proceedings.
Plaintiffs and defendant applied for writs of certiorari to the Louisiana Supreme Court, both of which were denied on June 27, 1983 at 435 So.2d 426 and 435 So.2d 440.
Following the finality of our judgment, the plaintiffs thereafter made repeated demands upon the Police Jury to perform the conditions of the contract. The Police Jury neither performed nor answered plaintiffs' many demands. On December 20, 1983, six months after the finality of the judgment, plaintiffs filed a rule in the district court praying that the Police Jury be found in contempt of court for disregarding the Court of Appeal's judgment of April 13, 1983; the property of the Police Jury be distrained until compliance was had with the judgment; the Police Jury be ordered to appropriate the necessary funds for compliance with the judgment; and/or that a judgment be rendered against the Police Jury in the sum of $250,000.00.
The evidence adduced at the hearing on the rule makes clear that the Police Jury does not intend to comply with the judgment of this court which ordered specific performance. Representatives of the Police Jury stated that the jury intended using its funds to maintain existing roads and bridges and would not use such funds to construct useless bridges connecting undeveloped property. By judgment dated April 19, 1984, the trial court found the Police Jury in contempt of court and imposed a fine of $250.00 per day for each day that it refused to comply with the order of specific performance rejecting plaintiffs' other demands.

ENFORCEMENT OF SPECIFIC PERFORMANCE
Plaintiffs' first three specifications of error deal with the enforcement of our judgment of specific performance against the Police Jury. Plaintiffs first assert that the trial court erred in failing to order the Police Jury to appropriate the funds necessary for compliance with the judgment. They premise this argument on the assumption that unless ordered to appropriate the necessary funds, the Police Jury will continue to disregard the judgment by refusing to allocate any funds for such purpose. Plaintiffs argue, as an alternative means of enforcing the judgment, that a writ of distringas should issue against the Police Jury.
La. Const. of 1974, Article 12, Section 10(C) reads as follows:
"(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered."
Additionally, La.R.S. 13:5109-B states:
"B. Any judgment rendered in any suit filed against the state, a state agency, or a political subdivision, or any compromise reached in favor of the plaintiff or plaintiffs in any such suit shall be exigible, payable, and paid only out of funds appropriated for that purpose by the legislature, if the suit was filed against the state or a state agency, or out of funds appropriated for that purpose by the named political subdivision, if the suit was filed against a political subdivision."
In light of the constitutional prohibition against the seizure of public property, the trial court correctly denied plaintiffs' request for a writ of distringas. A Police Jury's property is immune from seizure for purposes of satisfying judgments against it. See Foreman v. Vermilion Parish Police *752 Jury, 336 So.2d 986 (La.App. 3rd Cir. 1976), writ denied, 339 So.2d 846 (La.1976).
Plaintiffs' request for an order (mandamus) by the trial court to the Police Jury to appropriate the funds necessary to implement the judgment of specific performance was also properly denied. Even if the trial court were empowered to mandamus the Police Jury to appropriate the funds necessary to implement the judgment, such action by the trial court would be vain and useless considering the adamant refusal of the Police Jury to perform the obligations assumed by it in the agreement of July 16, 1975.[1]
Plaintiffs also contend that the trial court erred in refusing to render judgment against the Police Jury in the amount of $250,000.00.[2]
The trial court rejected this demand. In his written reasons for judgment, the trial judge stated: "Furthermore, plaintiffs' request for judgment in the amount of $250,000 with interest and costs can not be granted because that remedy was rejected by the Court of Appeal." We disagree with the trial court's conclusions in this respect.
In Gremillion, supra, we denied plaintiffs' initial request for damages for breach of contract in the amount of $250,000.00, stating:
"... This remedy is not available to the plaintiffs because it was not one of the alternative remedies agreed to by the parties. Furthermore, where parties by contract determine an amount of damages to be paid for its breach, the creditor may not recover more than that sum. LSA-C.C. Art. 1934(5). Under these circumstances, the plaintiffs may not recover damages exceeding the amount of liquidated damages agreed to in the contract, $6,600.00...."
The trial court obviously relied upon the above language and reasoning in denying plaintiffs' present request for damages. However, the damages sought in the instant case are not the same as those sought in Gremillion, supra. In their original demand in Gremillion, supra, plaintiffs sought damages for the Police Jury's breach of contract. In the instant case, plaintiffs are seeking relief for defendant's failure to comply with a judgment of specific performance. The two requests are separate and distinct and should be treated as such.
Various procedural methods are available for the enforcement of specific performance. Three such remedies are provided for in La.C.C.P. Art. 2502 which reads:
"If a judgment orders the delivery of a thing and the sheriff cannot seize it because the defendant has concealed or removed it from the jurisdiction of the court, or when the judgment orders a defendant to do or refrain from doing an act other than the delivery of a thing, and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion the following remedies:
(1) A writ to distrain the property of the defendant;
(2) An order adjudging the disobedient party in contempt; or
(3) A judgment for any damages he may have sustained. He may likewise sue for damages in a separate action."
As aforestated, La. Const. Article 12, § 10(C) prohibits the seizure of public property, *753 thereby making the first remedy under Article 2502 unavailable under the present circumstances. The remaining available remedies under that article are an order adjudging the disobedient party in contempt of court or a money judgment for the damages sustained. In the present case, the trial court, concluding that our prior judgment precluded an award of damages to plaintiffs, chose the remedy of contempt.
The Police Jury is a public body and any monies expended by it for a contempt of court fine, in effect, reduces funds available for public use without providing any benefit to the injured plaintiffs. For this reason, we conclude that the more appropriate remedy under the particular circumstances of this case is a money judgment in an amount sufficient for a third party to perform the conditions of the contract in question. The record reflects that a money judgment in the amount of $250,000.00 will compensate plaintiffs for the damages incurred due to defendant's adamant refusal to comply with this court's judgment. The trial court's judgment will be amended accordingly.
Plaintiffs' request for damages for the alleged frivolous appeal by defendant is denied. Appeals are favored, and damages for frivolous appeals are not granted unless they are clearly due. Hebert v. Knoll, 370 So.2d 151 (La.App. 3rd Cir.1979).

DECREE
For the above and foregoing reasons, the judgment of the trial court, insofar as it denied plaintiffs' request for damages and finds defendant in contempt of court, is reversed and set aside. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiffs and against defendant, Rapides Parish Police Jury, in the sum of $250,000.00, plus legal interest from the date of finality of this judgment until paid. It is further ordered that the defendant, Rapides Parish Police Jury, be cast for all costs of these proceedings, both at the trial level and on appeal.
REVERSED AND RENDERED.
KING, J., concurs and assigns written reasons.
FORET, J., concurs in the result reached by GUIDRY, J., but also concurs with the views expressed by KING, J., in his written reasons for concurrence.
KING, Judge, concurring.
I concur in the money judgment rendered against the Police Jury.
Judge Guidry, as author of the main opinion, finds that plaintiffs are entitled to a money judgment for damages because of the Police Jury's failure to comply with a judgment of this Court ordering it to specifically perform its contract. He does not reach the issue of whether or not mandamus, which was sought by the plaintiffs in this case, to cause the Police Jury to appropriate funds to specifically perform would be a proper remedy, in view of the Police Jury's adamant refusal to perform its contractual obligations as previously ordered by this Court, taking the position that even if such action were permitted by law that it would be vain, useless and impracticable. This begs the issue presented by plaintiffs on appeal as to whether or not they are legally entitled to mandamus the Police Jury to appropriate funds to comply with its legal obligation.
The evidence in the record, adduced at the hearing on the plaintiffs' rule, makes it clear that the Police Jury is adamantly refusing to obey this Court's order of specific performance and shows that it does not intend to and will not comply with this Court's order. It is for this very reason that this Court now awards a money judgment for damages against the Police Jury.
The sum of $250,000.00 awarded is the cost of performing the conditions of the contract, i.e., it represents the cost of doing the work of spreading the spoil and constructing a two-traffic lane bridge over the canal. Whether the Police Jury actually appropriates the money, to build the bridge *754 and spread the spoil or pays the money necessary to satisfy a money judgment awarded for its failure to build the bridge and spread the spoil, will cause the same result, that is, that the Police Jury will have paid for that which it is obligated. Awarding a money judgment predisposes that it will be satisfied if plaintiffs are to be afforded relief.
The discretion of an administrative body which the law does not permit to be controlled by mandamus is, in the eye of the law, a sound discretion, not an arbitrary, capricious, or oppressive discretion. Generally, if an administrative body abuses its discretion and exercises it in an arbitrary or capricious manner, the persons injured may obtain relief by mandamus. 17 McQuillian, Municipal Corporations, Mandamus, § 51.18 and the cases cited therein. A willful abuse of discretion by refusing to act as required by law, in a case where the facts essential to plaintiff's claim are undisputed, will be controlled by mandamus. McQuillian, supra. The facts are undisputed in this case that the Police Jury has abused its discretion by arbitrarily refusing to act after being ordered to do so by this Court and as required by law.
The Police Jury by its arbitrary and capricious action seeks to place itself above the law. I do not think it can do so. To permit it to not pay its legal obligation in this instance would not only permit it to breach its contract but to take private property without compensation in violation of the Louisiana Constitution. It would also set a sorry precedent for citizens contracting with public bodies to permit the public bodies to repudiate their contracts, from which they have benefited, with impunity. Surely this would not be fair or just.
In my opinion, the only thing that will be accomplished by now rendering only a money judgment for damages is to give the Police Jury a further opportunity to refuse to appropriate funds to pay this money judgment. As the Police Jury has already refused to appropriate the funds necessary to specifically perform its contract, despite the previous judgment of this Court ordering it to perform, what can prompt us to believe it will now voluntarily appropriate funds to pay a money judgment rendered against it for its failure to perform?
For this reason I concur, being of the opinion that at this time we could also grant the plaintiffs' request for mandamus and order the Police Jury to immediately appropriate the necessary funds to pay the money judgment now being rendered in this case as soon as the judgment becomes final.
NOTES
[1] The appropriation of funds by a legislative body has been almost universally held to be discretionary, not ministerial. Fontenot v. State Department of Highways, 358 So.2d 981 (La. App. 1st Cir.1978), writ granted with per curiam, 355 So.2d 1324 (La.1978); DeLaureal Engineers, Inc. v. St. Charles Parish Police Jury, 406 So.2d 770 (La.App. 4th Cir.1981). We do not consider whether, in an appropriate case, a public body can be compelled by mandamus to appropriate the necessary funds to perform an obligation "to do". La.C.C. Arts. 1926 and 1927, the substance of which articles are now set forth in La.C.C. Arts. 1758 and 1986, enacted by Acts 1984, No. 331, effective January 1, 1985.
[2] It was established at the initial trial of this matter that it would cost a third party $250,000.00 to perform the conditions of the contract of sale, i.e., spreading the spoil and constructing a two-traffic lane bridge over the canal in question. This evidence is not contradicted.