493 So.2d 584 (1986)
HEIRS OF Field V. GREMILLION, et al.
v.
RAPIDES PARISH POLICE JURY.
Nos. 86-C-0335 and 86-C-0348.
Supreme Court of Louisiana.
September 8, 1986.
Rehearing Denied October 9, 1986.
*585 Charles F. Wagner, Dist. Atty., B. Dexter Ryland, T. Gerald Henderson, Asst. Dist. Attys., for applicant in 86-C-0335.
John G. McLure, McLure & McLure, for respondent in 86-C-0335.
John G. McLure, McLure & Pickels, for applicant in 86-C-0348.
Charles F. Wagner, Dist. Atty., B. Dexter Ryland, T. Gerald Henderson, Asst. Dist. Attys., for respondent in 86-C-0348.
DENNIS, Justice.
The question presented is: when a party fails to specifically perform a contract as ordered by judgment and, in a subsequent proceeding under La. Code Civ.Proc. art. 2502, the court awards damages to the judgment creditor in lieu of specific performance, should the award of damages be governed by the stipulated damages that the parties in their contract agreed would be awarded in the event of default?
In this case the plaintiffs obtained a judgment ordering a Police Jury to specifically perform its contractual obligation to build a $250,000.00 bridge to service plaintiffs' property. Upon the Police Jury's continued default, plaintiffs obtained a second judgment in the trial court under La. Code Civ.Proc. art. 2502 adjudging the Police Jury in contempt and assessing a fine of $250.00 per day. The Police Jury appealed and the court of appeal modified the judgment against the defendant Jury to award *586 the plaintiffs $250,000.00 in damages. We granted the Police Jury's application for certiorari and further modify the judgment. In accordance with the contractual stipulation of the parties, the judgment against the Police Jury is amended to award the plaintiffs $6,600.00 in damages and to order the Police Jury to transfer back to the plaintiffs the property that is the subject of the contract between the parties. Further, this case will be remanded to the district court for purposes of supervising and enforcing this court's judgment.
In 1975 the Rapides Parish Police Jury purchased a narrow strip of land for a drainage ditch in a low-lying wooded area from plaintiffs' ancestors in title. The sales agreement provided for a purchase price of $6,600.00 and other conditions: The Police Jury agreed to erect a two-lane 20-ton capacity bridge over the canal and perform clearing and levelling specified in the contract. In the contract the parties further agreed that in default of any of these conditions, either the property would revert to vendors and they would retain the $6,600.00 purchase price as liquidated damages or the vendors would have the right to sue for specific performance.
The Police Jury dug the drainage ditch but failed to build the bridge or clear debris and level the spoil.
In 1981 plaintiffs filed suit against the Police Jury for breach of contract and prayed for $250,000.00 in damages. After a trial, the trial court found that the Police Jury had defaulted and concluded that since plaintiffs elected to sue for damages they would be awarded the damages stipulated in the contract. Accordingly, judgment was rendered by the trial court rescinding the sale and allowing plaintiffs to retain the $6,600.00 purchase price as liquidated damages.
The plaintiffs appealed and asked for specific performance of the contract in the court of appeal. The court of appeal reversed and ordered specific performance of the contract. The appeals court reasoned that a party should be granted the relief to which he is entitled even if not demanded, La. Code Civ.Proc. art. 862; that the remedy of $250,000.00 was not available because it was not one of the alternative stipulated remedies; that although the plaintiffs did not specifically pray for specific performance they pleaded and proved facts entitling them to this relief. Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3rd Cir.1983).
After the Police Jury again failed to build the bridge, clear dibris or level spoil, plaintiffs filed suit against the Jury under La. Code Civ.Proc. art. 2502 praying for a writ to distrain the jury's property, an order adjudging the Jury in contempt, and a judgment for the damage they had sustained, in lieu of specific performance. After a trial, the trial court adjudged the Police Jury in contempt, ordered it to pay a daily fine of $250.00 until specific performance was completed, and rejected plaintiff's other demands.
The plaintiffs appealed contending that the trial court erred in refusing to order the Police Jury to appropriate funds necessary to specifically perform, refusing to distrain the jury's property, and refusing to award them damages in the amount of $250,000. The court of appeal reversed the trial court judgment, awarded the plaintiffs $250,000.00 in damages, and rejected plaintiffs' other demands. Gremillion v. Rapides Parish Police Jury, 480 So.2d 748 (La.App. 3rd Cir.1986).
We granted certiorari in this case primarily to review the Police Jury's claim that the court of appeal erred in rendering a judgment for damages in violation of the parties' stipulation of damages. In order to have all of the issues that were presented to the court of appeal before us, we also granted plaintiffs' application for writs. After reviewing the record and considering the oral and written arguments, we conclude that with respect to the issues raised by the plaintiffs, the court of appeal reached the correct result and proper disposition in its opinion.
The substantive principles of law with respect to damages are provided by *587 the Civil Code.[1] The parties to a contract may stipulate the damages to be recovered in case of a failure in the performance of an obligation. La. Civil Code art. 2117. The creditor may demand either the stipulated damages or performance of the principal obligation, but he may not demand both unless the damages have been stipulated for mere delay. La. Civil Code arts. 2124 and 2125. The creditor who elects the remedy of a stipulated damages clause is not required to prove the actual damage caused by the debtor's inexecution of his obligation. The agreement as to a fixed amount was made expressly to avoid all inquiries of such nature. The sum stipulated in the stipulated damages clause replaces the damage which would have been awarded by the court. Southern Construction Company v. Housing Authority of the City of Opelousas, 250 La. 569, 197 So.2d 628 (1967); Stewart-McGhee Construction Company v. Caddo Parish School Board, 165 La. 200, 115 So. 458 (1927); 2 Planiol, Civil Law Treatise No. 255 (1959); 4 Aubrey & Rau, Droit Civil Obligations 122 (La. Law Inst. Transl. 1965). Accordingly, when the parties, by their contract, have determined the sum that shall be paid as damages for its breach, the creditor must recover that sum, but is not entitled to more. Only when the principal obligation has been partly executed may the court modify the damages stipulated. La. Civil Code arts. 1934(5), 2127.
The procedural law governing the execution of a judgment other than a money judgment is provided by the Code of Civil Procedure. La. Code Civ. Proc. arts. 2501-04. When a judgment orders a person to do an act, other than the delivery of a thing, and he refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion the remedies of distringas, contempt or damages. La. Code Civ.Proc. art. 2502. The remedy of damages is as follow:
A judgment for any damages he may have sustained. He may likewise sue for damages in a separate action.
La. Code Civ.Proc. art. 2502(3).
There is no evidence that the legislature in this procedural law intended to amend or supersede the substantive rules governing the stipulation and measurement of damages provided by the Civil Code. To the contrary, the legislature very recently reaffirmed and continued the substance of the Civil Code damages rules, indicating that these precepts still express the lawmakers' fundamental views on the subject. La. Civil Code 1994-2112 (West Special Pamphlet 1986).
Unless the legislature specifically provides otherwise, Civil Code article 1934 provides the general rule for the measure of damages for breach of contracts where the object of the contract is anything but the payment of money: The damages due to the creditor for the breach are the amount of the loss he has sustained and the profit of which he has been deprived. Article 1934 also provides some basic modifications of the general rule: An obligor in good faith is liable only for the damages that were foreseeable at the time the contract was made, whereas an obligor in bad faith is liable for all damages that are the immediate and direct consequence of the breach, bad faith meaning a breach of contract from some motive of interest or ill will; or an intentional or malicious failure to perform. Id. Art. 1934(1), (2).
When the parties have entered a stipulation of the damages to be recovered in case of inexecution of the contract, the amount so stipulated is the compensation provided by law for the damages which the creditor has sustained by the failure to perform. La. Civil Code art. 2125. The stipulated damages clause is therefore a contractual liquidation of damages, which is made arbitrarily, because it is not known in advance what the real damage will be. 2 Planiol, Civil Law Treatise No. 253. The *588 sum stipulated replaces the damages which would have been awarded by the court; therefore it becomes exigible under the same circumstances and is therefore subject to the same conditions. Id. 255.
Consequently, we are constrained to disagree with our court of appeal brethren who concluded that the legislature by providing a procedure for a judgment creditor to recover "any damages he may have sustained" under La. Code Civ.Proc. art. 2502(3) intended that those damages be measured by unarticulated standards different from those provided by the Civil Code. The appellate court cited no authority or source for its conclusion. Likewise, we have been unable to find any in our search of the codes and the secondary materials. Moreover, the court of appeal's interpretation has the characteristic of a penalty, or an astreinte, which would provide for a magnification of the damages over and above that provided by the Civil Code. 2 Planiol Civil Law Treatise Nos. 209-210. Our lawmakers have studiously avoided the wholesale imposition of penalties to obtain specific performance of obligations to do, adhering to the basic civilian principle that damages should be the exact equivalent of the prejudice caused and they are not due except in a case in which a prejudice has really been suffered. La. Civil Code 1934; 2315. 2 Litvinoff Obligations § 167; Comment, Louisiana Law of Specific Performance: Codal Provisions and Methods of Enforcement, 40 Tul.L. Rev. 340 (1966).
For these reasons we conclude that in awarding damages as a remedy under La. Code Civ.Proc. art. 2502(3) for a defendant's failure to comply with an order to specifically perform a contract the court must apply the measure of damages provided by the Civil Code, whether it is a case in which the parties have stipulated the damages or in which the court must measure them by the loss sustained and the profit deprived. Accordingly, the court of appeal judgment is set aside and the judgment in favor of the plaintiffs will be amended to provide for an award of damages in the amount of $6,600.00, by authorizing the plaintiffs to retain the purchase price in this amount, and for return of the property in accordance with the stipulated damages clause. In order to properly implement the transfer of immovable property, however, the case is remanded to the trial court with instructions to enter a proper judgment consistent with this opinion enforcing the stipulated damages clause.
COURT OF APPEAL JUDGMENT SET ASIDE. REMANDED TO TRIAL COURT.
LEMMON, J., concurs.
NOTES
[1] We refer to the articles in effect prior to the 1985 revision. However, we have avoided using some of their terminology for the reasons stated by the revision drafters. La. Civ. Code Ann. 2005-12 (West Special Pamphlet 1986).