COVINGTON, Judge.
On October 18, 1983, plaintiffs, a Parish Council member and a number of registered voters, filed a petition for a declaratory judgment and injunction against the Parish President and the Parish Council of St. Tammany Parish. The suit seeks to have the election of September 11, 1982, either declared invalid because it was not timely called, or ineffective as a repeal of the St. Tammany Parish Home Rule Charter because it was only a “straw vote opinion poll” and not the ratification of an ordinance calling for repeal of the Home Rule Charter.
Trial was held on June 16, 1983, at which time the plaintiffs offered in evidence certified copies of the Home Rule Charter, Ordinance Council Series No. 82-356, Ordinance Calendar (Ord.Cal.) No. 411, Minutes of St. Tammany Parish Council Meetings held March 18, April 15 and April 22, 1982, a copy of the ballot showing the proposition to be voted upon in the September 11,1982 election, and a certified copy of ordinances No. 80-27 and 82-374. Ordinance No. 82-374 was admitted subject to defendant’s objection of relevancy. Objections were made to the introduction of a transcript of the discussion of proposed Ord.Cal. No. 411 at the April 22,1982, meeting, and to Attorney General Opinion Letters dated March 21, 1983, and April 22, 1983. These documents were proffered.
Assigning written reasons for judgment, the trial court rendered judgment which held that the election of September 11, 1982, repealed the Home Rule Charter for St. Tammany Parish. The plaintiffs have appealed. We affirm.
We are not asked to decide whether the people of St. Tammany wisely reverted to its old police jury form of government after a brief exposure to a new councilmanic form. We are asked merely to decide whether the people by their vote on September 11, 1982, did repeal their Charter, thus reverting to the police jury.
The following issues are presented by appellants to this Court:
I. Whether the election of September II, 1982, was untimely held, in violation *777 of LSA-R.S. 33:1388[1], and the St. Tammany Parish Home Rule Charter, Section 7-04(D).
II. Whether Ordinance No. 82-356, as written, was insufficient to constitute a valid repealing ordinance.
On April 22, 1982, the St. Tammany Parish Council adopted and passed Ordinance 82-356 which states in its title:
An Ordinance to call a referendum of the voters of St. Tammany Parish Charter, to repeal the Home Rule Charter for St. Tammany Parish, Louisiana, the referendum to be held at the next Parish-wide scheduled election to be held on September 11, 1982; to provide for notice and effective date of enactment.
The election was held on Saturday, September 11,1982, pursuant to Ordinance 82-356.
The proposition which appeared on the ballot was:

Proposition to Repeal the Home Rule Charter for St. Tammany Parish

Shall the Home Rule Charter for St. Tammany Parish, La. be repealed?
[[Image here]]
The result of the election was that 8,548 votes were cast for the repeal of the Home Rule Charter and 8,108 against the repeal.
The plaintiffs in this matter filed a Petition for Declaratory Judgment and Injunction, alleging that Ordinance 82-356 was in violation of the Home Rule Charter for two reasons:
1. The Ordinance called for an opinion poll and did not call for repeal of the Home Rule Charter.
2. The Ordinance, even if properly drafted, was presented to the voters untimely.
Appellants contend that Section 8-02 of the Home Rule Charter required an election to be held to “amend” the Home Rule Charter, and as such the election held on September 13,1980, barred any further election to repeal or amend the charter for a period of two years, because Section 7-04(D) of the Home Rule Charter forbids elections to amend the charter to be held more frequently than every two years. Hence, the election of September 11,1982, was untimely held, having been held within two years of the September 30, 1980 amendment.
The trial court considered this issue, and rejected the plaintiff’s argument as follows:
However, the Court agrees with the defendants that the Home Rule Charter referendum mandated by Section 8-02 of the Charter referring to determination by the electorate of council composition was not a proposal to amend or repeal the Charter as those terms are used in Section 7-04(D). Accordingly, the Court holds that submission to the voters of the proposal to repeal the Home Rule Charter was timely and did not violate the limitation of Section 7-04(D).
Under Article VIII, Section 8-02, entitled “Referendum on Council Composition”, the Home Rule Charter states:
A. The council, at the first parish wide regular or special election held after the date this charter becomes fully effective, shall conduct a referendum on the question of council composition.
B. The ballot form for the referendum shall be:
Do you favor a change from the present parish council composition of fourteen (14) members elected from single-member districts and two (2) members elected at large?
[[Image here]]
If a change in council composition is favored, do you prefer (A) — a council composed of seven (7) members elected from single-member districts and two (2) mem *778 bers elected at large OR (B) — a council composed of seventeen (17) members elected from single-member districts and two (2) members elected at large?
VOTE FOR ONE
ALTERNATIVE A: For a council composed of seven (7) members elected from single-member districts and two (2) members elected at large ...
[[Image here]]
[[Image here]]
C. If a change in council composition is favored by a majority vote of the electors voting on the proposal, the alternative proposition receiving the greatest number of affirmative votes shall prevail. If a change in council composition is not favored, both alternative propositions also shall fail. The referendum results shall be binding and subject to future change only by amendment to this charter.
Pursuant to this mandate, the referendum on council composition was submitted to the people on September 13, 1980, as per Resolution number 80-27 adopted July 10, 1980. Section 7-04(D) of the Home Rule Charter,' entitled “Amending or Repealing the Charter,” states:
D. Proposals to amend or repeal this charter shall not be submitted more frequently than every two (2) years provided, however, that the council, upon the declaration of a public emergency affecting life, health, property or safety and upon the favorable vote of at least two-thirds of the authorized council membership, may propose amendments to this charter whenever necessary. No amendment or repeal shall shorten the term for which any official was elected or reduce the salary of office for that term. (Emphasis added).
In Louisiana Television Broadcasting Corp. v. Total C.A.T.V., 341 So.2d 1183 (La.App. 1st Cir.1977), writ refused 343 So.2d 1076 (La.1977), this Court stated:
Statutory rules of construction of laws are as applicable to municipal and parish ordinances as they are to state statutes. Liller v. Louisiana Board of Alcoholic Beverage Control, 59 So.2d 222 (La.App. Orleans 1952).
When a law is clear and free from ambiguity its letter is not to be disregarded under the pretext of pursuing its spirit. LSA-C.C. Article 13.
The words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words. LSA-C.C. Article 14.
When a law is clear and free from all ambiguity, it must be given effect as written. Hebbler v. New Orleans Fire Department, 310 So.2d 113 (La.1975).
Every word in a statute must be given meaning, if possible; no word, clause, phrase or sentence of a statute shall be deemed meaningless or surplusage if a construction can be legitimately found which will give force to and preserve every word of the statute. State v. Fontenot, 112 La. 628, 36 So. 630 (1904); State v. Dozier, 258 La. 323, 246 So.2d 187 (1971).
In construing a statute, legislative aim and design may be inquired into by the courts for the purpose of determining legislative intent, only when a statute is ambiguous or subject to two reasonable interpretations. Fire Department, above; State v. McCulloch, 126 So.2d 191 (La.App. 4th Cir.1961).
Applying the Louisiana Television Broadcasting Corp. rationale to the construction of Sections 8-02 and 7-04(D), in order to give meaning to both sections and Ordinance 82-356 mandating- the election of September 11, 1982, we hold that the first election concerning the Charter, held on September 13, 1980, was not a proposal to amend or repeal the Charter, as governed by Section 7-04(D); thus, the submission of the question of repeal of the Charter to the voters was timely.
The second issue to be decided by the Court concerns the effect of the election on the repeal of the Home Rule Charter. The court held that the affirmative vote of the *779 majority of the voting electors operated to automatically repeal the Home Rule Charter for St. Tammany Parish. On this point, the trial judge commented:
This Court recognizes the principle that every duly constituted governmental entity is presumed to act within the scope of the law. Thus the official acts of such entities are clothed with a presumption of legality. While such acts are always subject to judicial review, their effect will not be disturbed without ample cause. When a Home Rule Charter is adopted or amended the prescribed method for adoption or amendment is exclusive, and failure to comply substantially with such methods is fatal. However, it is recognized that the interpretation of our State Constitution is carried out according to liberal and broad rules of construction, and it is equally clear that the purpose of Home Rule is to grant all powers to the local political subdivision which are not expressly reserved by the state. This Court is of the opinion that the question in this ease is not whether the action of the council and the expression of the electorate can be condemned as invalid; rather, this Court is of the opinion that the test to be applied is whether the procedures which were carried out were in substantial compliance with the Constitution and with the law, including the Home Rule Charter. The Court notes at this point that Section 7-04, which deals with amending or repealing of the Charter, may be read in pari materia with Section 8-11. Section 8-11 specifies with the valid form by which the voters were originally presented with the choice of adopting or rejecting the Home Rule Charter. The ballot language was specified in pertinent part as follows: “Shall the Home Rule Charter and plan of government for St. Tammany Parish, prepared and submitted by the duly constituted Charter Commission according to Article 6 Section 5 of the Constitution of Louisiana and other applicable law, be adopted?” In this Court’s mind the language which is presently applicable, that is the language which may be construed in pan materia with Section 7-04 is: “Shall the Home Rule Charter ... be adopted?” This language is the mere opposite of the question which was presented to the voters pursuant to Ordinance No. 82-356, which is: “Shall the Home Rule Charter for St. Tammany Parish, Louisiana be repealed?” Taking the applicable law, rules of construction, and facts of the case under consideration together, this Court holds that the affirmative vote of the majority of the voting electors operated to automatically repeal the Home Rule Charter for St. Tammany Parish. (Article 6, Section 5, Louisiana Constitution 1974).
The trial court correctly noted that Section 8-11, which provided the people with the proposition as to whether a home rule charter submitted on September 13, 1980, should be adopted, was substantially the same as the referendum of September 11, 1982. They provided, respectively:
Shall the home rule charter and plan of government for St. Tammany Parish, prepared and submitted by the duly constituted Charter Commission according to Article VI, Section 5 of the Constitution of Louisiana and other applicable law, be adopted? Shall the home rule charter for St. Tammany Parish, La. be repealed?
A study of Ordinance 82-356 reveals the intent and effect of the ordinance and the election held pursuant to it. The title states it is an Ordinance to repeal the Home Rule Charter for St. Tammany Parish. The ordinance cites Section 7-04(A), regarding proposals to amend or repeal the Charter. Section 7-04(B) is also cited by the Ordinance. Finally, the item to be placed before the voters is spelled out:
PROPOSITION TO REPEAL THE HOME RULE CHARTER FOR ST. TAMMANY PARISH
Shall the Home Rule Charter for St. Tammany Parish, La. be repealed?
There is no merit in appellants’ contention that Ordinance 82-356 (and the election of September 11, 1982) was only to obtain an opinion poll for the governing *780 authorities. Ordinance 82-356 states word for word the requirements of the Home Rule Charter in order to repeal or amend the Charter. There are no words in the Ordinance intimating that the election was to be only an opinion or straw poll.
Article VI, Section 5(C) of the Louisiana Constitution of 1974 states:
A home rule charter shall be adopted, amended, or repealed when approved by a majority of the electors voting thereon at an election voted for that purpose.
The question submitted to the voters on September 11, 1982 was a Proposition to Repeal the Home Rule Charter. A majority of the people at that election voted for the repeal. We hold that the Home Rule Charter was repealed by a vote of the electorate as required by law.
For the reasons assigned, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.

. LSA-R.S. 33:1388 was repealed by Act. No. 703 of 1980, but was in effect at the time pertinent to this issue.