COLE, Judge.
The issue presented in this appeal is whether or not the trial court erred in refusing to annul a judgment previously rendered by it in Sharp v. Brown, (Number 269,284).
On September 13, 1980, the electorate of St. Tammany Parish voted to repeal their home rule charter which provided for a Parish President and Council and to return to a police jury form of government. Although contested, this repeal election was ultimately declared valid. Vinturella v. Unangst, 440 So.2d 775 (La.App. 1st Cir.1983), writ denied, 441 So.2d 747 (La.1983). Following the repeal election, the Parish Council adopted a reapportionment plan to be used for seats on the new police jury. This reapportionment plan, as well as the repeal election and the return to a police jury form of government, were each subject to review by the United States Department of Justice (Justice).
An election for seats on the new Parish governing authority was scheduled for October 22,1983. During the qualifying period for this election, there was official uncertainty as to whether candidates should qualify as councilmen or police jurors. The Louisiana Attorney General (Opinion No. 83-633) advised the councilmanic form of government was still in existence because approval of the police jury form of government and reapportionment plan had not been received from Justice. This opinion recommended the Clerk of Court allow candidates to qualify for either councilman or police juror, with all candidates being permitted to run for police juror if the new *14 plan of government and reapportionment plan were approved. Ms. Jacqueline Carr was qualified as a candidate for the office of councilman for old District 13 (as it existed prior to the reapportionment), the district she was then representing.
After the close of the qualifying period, it was learned that Justice had no objection to the repeal election or the reapportionment plan and had given preclearance to the return to a police jury form of government. Six candidates filed suit (Sharp v. Brown, Number 269,284) seeking to enjoin the printing of the ballots until previously qualified candidates were recertified as candidates for police juror or the qualifying period was reopened. Ms. Carr was not a party to this suit. An intervention was filed by the Clerk of Court for St. Tammany Parish (Clerk), who requested she be ordered either to recertify the candidates in the new districts or reopen the qualifying period.
On August 17, 1983, a consent decree was rendered ordering the Clerk to recertify as properly qualified candidates for the office of police juror in the new districts those who had previously qualified for the position of councilman. In accordance with this order, Ms. Carr was recertified on the basis of her domicile as a candidate for police juror for the newly reapportioned District 13, which differed significantly from the old District 13.
After learning of her recertification, Ms. Carr filed suits in both federal and state district courts seeking to enjoin the October 22, 1983 election. Both courts refused to grant an injunction. This court affirmed the ruling of the state district court in Carr v. Secretary of State, 441 So.2d 223 (La.App. 1st Cir.1983), writs denied, 442 So.2d 445 (La.1983). Ms. Carr also applied unsuccessfully for supervisory writs both in this Court and the Supreme Court.
On October 11, 1983, Ms. Carr filed a petition seeking to nullify the August 17, 1983 consent judgment ordering the recer-tification of candidates. The trial court dismissed this petition and Ms. Carr has appealed.
Ms. Carr maintains the consent judgment rendered in Sharp should be annulled on the following grounds: 1) that she was not served with process as required by law and did not make a general appearance; 2) that the trial court lacked subject matter jurisdiction over this case; and 3) that it was obtained by fraud and ill practices.
Code of Civ.P. art. 2002 provides, in pertinent part, as follows:
“A final judgment shall be annulled if it is rendered:
* * * SjS * *
(2) Against a defendant who has not been served with process as required by law and who has not entered a general appearance....
(3) By a court which does not have jurisdiction over the subject matter of the suit.”
Ms. Carr argues both of the above grounds for nullity are present in the instant case. We disagree.
Code of Civ.P. art. 2002(2) is applicable only when a defendant has not been served with process. It is clear Ms. Carr was not a named party in Sharp. Since she was not a defendant in this suit, service upon her was not necessary. Therefore, no basis for annulling the judgment exists under this provision.
Ms. Carr also argues the Sharp judgment is subject to nullity under Code of Civ.P. art. 2002(3) due to the trial court’s lack of subject matter jurisdiction. The basis of her argument is her contention that under the election code the Nineteenth Judicial District Court for the Parish of East Baton Rouge was not a proper venue for this matter. She argues that improper venue in an election case is tantamount to a lack of subject matter jurisdiction.
This argument is completely without merit. Venue and jurisdiction are separate and distinct legal concepts. We pretermit consideration of whether there was proper venue in this matter because improper venue can not be equated to a lack of subject matter jurisdiction in the manner urged by *15 Ms. Carr. Since her argument is actually-directed toward a lack of venue rather than jurisdiction, and Code of Civ.P. art. 2002(3) pertains only to cases involving a lack of jurisdiction, this provision is clearly not applicable.
Lastly, Ms. Carr argues the Sharp judgment was obtained by fraud and ill practices. Code of Civ.P. art. 2004 provides any final judgment obtained by such means may be annulled. The requirements for annulling a judgment under this article were recently set forth by the Supreme Court in Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1070 (La.1983), as follows:
“Our jurisprudence sets forth two criteria to determine whether a judgment has been obtained by actionable fraud or ill practices: (1) when the circumstances under which the judgment was rendered show the deprivation of legal rights of the litigant who seeks relief, and (2) when the enforcement of the judgment would be unconscionable and inequitable. ... [T]he article is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass all situations wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party case in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable.”
There is no evidence of any fraud or ill practices in the present case. The trial court and all parties to the suit were aware before the recertification was ordered that the old council districts no longer existed, due to Justice’s preclearance of the police jury form of government and the new reapportionment plan. Accordingly, since the district in which she had originally qualified no longer existed, Ms. Carr was not prejudiced or deprived of any legal right upon being recertified as a candidate for police juror in her newly reapportioned district. She had no legal right to be qualified, or to have her name printed on the ballot, as a candidate for a nonexistent office and district.[1] Further, she could have withdrawn her candidacy if she did not wish to run for election in the newly established district. La.R.S. 18:501-2.
Under these circumstances, we do not find enforcement of the Sharp judgment to be unconscionable or inequitable in any manner. Rather than causing any prejudice or deprivation of rights, this judgment actually benefitted Ms. Carr by recer-tifying her for an existing office and district.
For the above reasons, we affirm the judgment dismissing the petition for nullity. Appellant is to pay all costs.
AFFIRMED.
LANIER, J., concurs in the result.

. For this same reason, we reject Ms. Carr’s argument that she was deprived of her rights without due process or equal protection of the laws.