594 So.2d 908 (1991)
PRESTON OIL COMPANY
v.
TRANSCONTINENTAL GAS PIPE LINE CORPORATION.
No. 91 CA 1283.
Court of Appeal of Louisiana, First Circuit.
December 27, 1991.
*909 Paul Bullington, John McCollan, New Orleans, Samuel E. Masur, Lafayette, William Roberts, Baton Rouge, for plaintiff-appellee, Preston Oil Co.
Gary Bezet, Baton Rouge, Edward C. Abell, Jr., Lafayette, Raymond Albrecht, Houston, Tex., for defendant-appellant, Transcontinental Gas Pipe Line Corp.
Before WATKINS, CARTER and FOIL, JJ.
CARTER, Judge.
This is an appeal from an order of the trial court denying an exception pleading the objection of unauthorized use of summary proceeding, denying a request for injunctive relief, enforcing a consent judgment, and setting a hearing date on a request for damages under the contract and for contempt.

BACKGROUND
Petitioner, Preston Oil Company (Preston), is a Texas limited partnership engaged in the business of exploring for and producing oil and gas. Preston owns various oil, gas, and mineral leases covering lands and mineral rights in the South Lake Arthur Field situated in the parishes of Jefferson Davis, Vermilion, and Cameron.
On or about August 6, 1980, Preston, its predecessors in title, and others entered into a gas purchase agreement with defendant, Transcontinental Gas Pipe Line Corporation (Transco), for the purchase of natural gas from wells located in the South Lake Arthur Field. Several amendments to this contract were subsequently entered into by the parties. On or about December 16, 1980, deliveries of natural gas under the contract commenced.
The parties apparently performed their respective obligations under the contract until sometime in 1985, when Preston filed a suit for specific performance. The matter was litigated by the parties. After several days of trial, the parties amicably settled their differences and entered into a settlement agreement and contract amendment on December 18, 1986. Thereafter, pursuant to a consent judgment, the trial court withdrew and vacated an order, dated December 11, 1986, granting Preston's motion for partial summary judgment.[1] The *910 consent judgment also granted Preston's request for specific performance enforcing the gas purchase agreement as amended by the December 18, 1986 settlement agreement and contract amendment, dismissed all other claims asserted by the parties, and incorporated the terms and provisions of the settlement agreement and contract amendment into the judgment.
Then, on or about January 16, 1991, Preston filed the instant rule to compel compliance with the consent judgment of December 18, 1986. In its pleading, Preston requested that Transco be held in contempt of the consent judgment and that Transco be ordered to pay all costs and expenses, including attorney's fees incurred by Preston as a result of Transco's alleged failure to comply with the consent judgment. Preston also sought to enjoin a Texas proceeding instituted by Transco against Preston.
Thereafter, Transco filed a dilatory exception pleading the objection of unauthorized use of summary proceeding. After a hearing, the trial judge denied Transco's exception and rendered judgment granting Preston's motion to enforce the consent judgment. The trial judge also denied Preston's request to enjoin the Texas proceeding and set a hearing date for Preston's request for contract damages, interest, and attorney's fees as well as Preston's request that Transco be held in contempt for failure to obey the consent judgment.
From this adverse judgment, Transco suspensively appealed, assigning the following errors:[2]
(1) The trial court erred in overruling Transco's exception to the use of summary process to enforce a settlement agreement.
(2) The trial court erred in conducting a summary trial in order to determine the meaning of a non-specific stipulated judgment. If the judgment does not on its face resolve all issues, the proper remedy is a new suit.
On July 29, 1991, Preston filed with this court a motion to convert Transco's suspensive appeal into a devolutive appeal and requested an expedited hearing.[3] The motion to convert the appeal was referred to the merits.

MOTION TO CONVERT APPEAL FROM SUSPENSIVE TO DEVOLUTIVE
Preston contends that Transco's suspensive appeal should be converted to a devolutive appeal. Preston reasons that the judgment from which Transco appealed was signed on March 12, 1991, and that Transco's motion for appeal, which was filed on May 15, 1991, was filed beyond the delays for a suspensive appeal. Preston reasons that, as such, Transco's suspensive *911 appeal should be converted into a devolutive appeal.
In the instant case, on March 1, 1991, the trial court conducted a hearing on Preston's motion to compel Transco to comply with the consent judgment previously rendered by the trial court. On March 12, 1991, the trial judge signed an order submitted by Preston, which allegedly contained the court's March 1, 1991 ruling on the motion to compel. After the trial judge had signed the order, but before notice of judgment had been mailed to counsel of record, the trial judge withdrew the order because of several problems with the order as submitted by Preston. The following day, the judge conducted a meeting in his chambers between both parties. At this meeting, the trial judge made notations in the margin of the judgment submitted by Preston. At the conclusion of the meeting, the trial judge instructed his law clerk to have the judgment retyped to exclude several paragraphs contained in the original order.[4] However, the order was not retyped and was subsequently mailed to counsel of record with the handwritten notations and deletions. The trial judge did not sign the judgment after the notations and deletions were made to the submitted order.
Preston subsequently sent a retyped "Amended Order" to the trial judge. This new order incorporated all of the handwritten notations and deletions previously made by the trial judge. The trial judge signed this amended order on April 15, 1991, and notice of judgment was mailed to all parties on the same day.
On May 15, 1991, Transco filed a motion and order for suspensive appeal, which was signed by the trial judge on that day. The required suspensive appeal bond was filed on May 17, 1991. Preston subsequently filed, with this court, a motion to convert the suspensive appeal into a devolutive appeal.
LSA-C.C.P. art. 1951 provides that a final judgment may be amended by the trial court at any time on its own motion or pursuant to the motion of any party: to alter the phraseology, but not the substance, of a judgment; or to correct errors in calculation. Villaume v. Villaume, 363 So.2d 448, 450 (La.1978). In other words, a judgment may be amended under LSA-C.C.P. art. 1951 where the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d at 450. However, when an amendment to a judgment adds to, subtracts from, or in any way affects the substance of the judgment, such judgment may not be amended under LSA-C.C.P. art. 1951. A change in visitation privileges allegedly to reflect the judge's written reasons has been determined to be a substantive change. Villaume v. Villaume, 363 So.2d at 450. A change in a judgment which alters the amount of relief that a party is entitled to receive is a substantive change. Jones v. Gillen, 564 So.2d 1274, 1280 (La.App. 5th Cir.), writs denied, 568 So.2d 1080, 1081 (La.1990); Abney v. Allstate Insurance Company, 442 So.2d 590, 591 (La.App. 1st Cir.1983). A change adding a reference to a mortgage is substantive. Gulfco Investment Group, Inc. v. Jones, 577 So.2d 775, 778 (La.App. 2nd Cir.1991).
The proper vehicle for a substantive change in a judgment is a timely motion for a new trial or a timely appeal. Villaume *912 v. Villaume, 363 So.2d at 451; Gulfco Investment Group, Inc. v. Jones, 577 So.2d at 777; Coomes v. Allstate Insurance Company, 517 So.2d 436, 437 (La.App. 1st Cir.1987).
In the instant case, the striking of certain decrees from the March 12, 1991 judgment after it had been signed was a substantive change because the stricken portions took something away from the original judgment. The deleted decrees were, in effect, declaratory judgments. Therefore, for the changes effected on March 13, 1991, and incorporated into the judgment signed on April 15, 1991, to be valid, there must be a showing that the changes were made pursuant to a motion for new trial because there has been no appeal from the March 12, 1991 judgment.
Under LSA-C.C.P. art. 1971, a new trial may be granted upon contradictory motion of any party or by the court on its own motion. While this court has consistently held that a contradictory hearing on the motion for new trial must be held, the Louisiana Supreme Court has recognized that, on his own motion and with the consent of the parties, the trial judge may amend a judgment substantively, thereby creating a new, final judgment from which the delay for taking an appeal commences to run anew. Villaume v. Villaume, 363 So.2d at 451. See Abney v. Allstate Insurance Company, 442 So.2d at 592.
In the instant case, the parties consented to the changes made by the trial judge. Transco suggested many of the revisions in the judgment and approved the judgment as to form. Preston prepared the amended judgment, which was signed by the trial judge on April 15, 1991, and has not appealed the amended judgment. Therefore, the final judgment in the instant case is the one rendered on March 13, 1991, and signed on April 15, 1991. Transco's suspensive appeal, which was filed on May 15, 1991, was filed within the suspensive appeal delay period which expired on May 24, 1991.[5] Accordingly, Preston's motion to convert Transco's suspensive appeal into a devolutive appeal is denied.

MOTION TO DISMISS AS MOOT
Subsequent to Preston's filing of the motion to convert Transco's suspensive appeal into a devolutive appeal, Transco filed a motion to dismiss Preston's motion to convert. Because we have denied Preston's motion to convert the suspensive appeal into a devolutive one, we find it unnecessary to address Transco's motion to dismiss.

USE OF SUMMARY PROCEEDING
Transco contends that the trial judge erred in overruling its exception pleading the objection of unauthorized use of summary proceeding and that the trial judge erred in conducting a summary trial to determine the meaning of a non-specific, stipulated judgment. Transco reasons that legitimate disputes as to how a contract is to be performed should not be determined through a series of motions when there has not been a trial on the merits on those issues. Transco also reasons that a stipulated judgment granting specific performance, but failing to define the specific acts constituting performance, does not confer upon the trial court the power to continually monitor and oversee contract performance by conducting post-judgment summary trials to adjudicate the meaning of specific performance. As a result, Transco contends that the use of a summary proceeding to enforce the December 18, 1986 consent judgment (which granted Preston's request for specific performance enforcing the gas purchase agreement as amended by the December 18, 1986 settlement agreement and contract amendment) was improper under the law.
The procedural law governing the execution of a judgment other than a money judgment is set forth in the Code of Civil Procedure. LSA-C.C.P. art. 2502 provides that "when the judgment orders a defendant to do or refrain from doing an act other than the delivery of a thing, and he *913 refuses or neglects to comply with the order, the party entitled to performance may obtain by contradictory motion" the remedies of distringas, contempt, or damages. Heirs of Gremillion v. Rapides Parish Police Jury, 493 So.2d 584, 587 (La.1986). See Kelly v. Terrebonne Parish Police Jury, 449 So.2d 568, 571 (La.App. 1st Cir.), writ denied, 450 So.2d 959 (La.1984).
In the instant case, on December 18, 1986, Preston obtained a consent judgment granting Preston specific performance of the gas purchase agreement as amended by the December 18, 1986 settlement agreement and contract amendment. Subsequently, when Transco allegedly failed to perform certain obligations under this amended agreement and consent judgment, Preston filed the instant rule to compel compliance with that consent judgment.
As a general rule, a substantive change in the consent judgment cannot be effected via a summary proceeding. See Succession of Simmons, 527 So.2d 323, 326 (La.App. 4th Cir.), writ denied, 529 So.2d 12 (La.1988). However, we note that Preston is not attempting to substantively change the consent judgment, but is seeking to enforce the consent judgment as written. After carefully reviewing the entire record in this matter, we find that Preston is entitled to enforce the consent judgment pursuant to LSA-C.C.P. art. 2502 and the jurisprudence. The trial court judgment requiring that Transco specifically perform the gas purchase agreement as amended by the settlement agreement and contract amendment of December 18, 1986, was not error.
We recognize that Transco may have a legitimate dispute with regard to its performance under the contract in that Transco may be unable to determine precisely what its obligations are under the contract. However, the consent judgment ordered Transco to specifically perform its obligations under the contract. If Transco has any questions regarding the interpretation of the consent judgment and its precise obligations under that judgment, a judicial interpretation of the consent judgment and settlement agreement and contract amendment may be appropriate. However, Transco cannot use its confusion regarding the interpretation of the gas purchase agreement, as amended by the settlement agreement and contract amendment, as an excuse for disregarding the consent judgment and for failing to specifically perform its obligations as required by the consent judgment.
The jurisprudence is clear that, in addition to enforcing a consent judgment via summary process, a consent judgment is subject to interpretation via the procedural device of a petition for declaratory judgment. LSA-C.C.P. art. 1872; Succession of Koch, 487 So.2d 635, 637 (La.App. 4th Cir.), writ denied, 489 So.2d 251 (La.1986). Transco has not invoked this remedy. Instead, Transco attempts to shift the responsibility to Preston, arguing that Preston should be required to get a judicial interpretation of the consent judgment before Transco should be required to comply with the consent judgment.
A judgment is a solemn adjudication of a court, which settles the rights of the parties, as disclosed by the record, and which passes on the matters presented for determination. Cheramie v. Vegas, 468 So.2d 810, 812 (La.App. 1st Cir.), writ denied, 470 So.2d 122 (La.1985). A consent judgment is a bilateral contract wherein the parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing the hope of gain against the fear of loss. McDaniel v. McDaniel, 567 So.2d 748, 750 (La.App. 2nd Cir.1990). A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law.
The law sets forth the various methods whereby a judgment may be attacked. A party may sue to have the judgment declared a nullity for vices in either form or substance. LSA-C.C.P. art. 2001 et seq.; Cheramie v. Vegas, 468 So.2d at 813. For example, under LSA-C.C.P. art.2002, a final judgment may be annulled if it is rendered against an incompetent person not properly served with process, against a defendant *914 not served with process and who has not entered a general appearance, or by a court which does not have subject matter jurisdiction of the litigation. Cheramie v. Vegas, 468 So.2d at 813; Sharp v. Brown, 464 So.2d 12, 14 (La.App. 1st Cir. 1984), writ denied, 467 So.2d 537 (La.1985). Also, a final judgment can be annulled if obtained through fraud or ill practices. LSA-C.C.P. art. 2004; Homer National Bank v. Nix, 566 So.2d 1071, 1075 (La.App. 2nd Cir.), writ denied, 569 So.2d 985 (La. 1990); Sharp v. Brown, 464 So.2d at 15. However, absent an attack via one of the well-delineated methods of attacking a final judgment, the judgment maintains the effect of the law between the parties. See Bonaventure v. Pourciau, 577 So.2d 742 (La.App. 1st Cir.1991).
Therefore, we find that Preston is entitled to enforce via summary process the consent judgment, requiring specific performance of the gas purchase agreement as amended by the settlement agreement and contract amendment. Any result other than the one reached herein would jeopardize the sanctity of final judgments and seriously undermine the integrity of the judicial system.

CONCLUSION
For the above reasons, the motion to convert Transco's suspensive appeal into a devolutive appeal is denied. The trial court judgment granting Preston's motion to enforce the consent judgment is affirmed. Transco and Preston are assessed equally for all costs on appeal.
MOTION TO CONVERT APPEAL DENIED; JUDGMENT AFFIRMED.
NOTES
[1] In the judgment on the motion for partial summary judgment, the trial court declared that the gas purchase agreement was valid and enforceable and that the failure of Transco to perform its obligations under the contract was not excused by the affirmative defenses raised in Transco's answer. The judgment further declared that performance by Transco, which included all obligations to take and pay for and/or take or pay for gas if not taken, was not excused and that Transco breached its obligations to Preston under the gas purchase agreement and was liable to Preston for damages caused by such breach.
[2] Transco's appeal addresses only the procedural posture of the motion to compel. In brief, Transco outlined the following arguments with regard to the procedural posture of the case:

1. The trial court erred in finding that the compromise agreement became a consent judgment.
2. The trial court erred in finding that Code of Civil Procedure article 2502, authorizing contradictory motions to enforce judgments, applied.
3. Preston's argument that the settlement agreement and the consent judgment are identical does not affect the validity of Transco's exception.
4. The trial court erred in failing to recognize that the dispute is not whether to perform, but how to perform and under what terms.
5. The trial court erred in allowing this dispute to be tried summarily.
6. The trial court erred in failing to recognize that Preston's position, when it filed its motion, was inconsistent with its own actions, and in not applying the principle of judicial estoppel.
7. The trial court erred in assuming that Transco and Preston consented to the trial court's continuing jurisdiction over all subsequent disputes arising under the amended contract.
8. The trial court erred in finding that this matter is a proper subject for summary contempt proceedings.
9. The trial court erred in relying on an informal communication with Judge Gonzales concerning the circumstances surrounding the settlement.
Transco does not contend that the trial judge's enforcement of the consent judgment is erroneous on the merits.
[3] An order granting an expedited hearing was granted on July 31, 1991.
[4] The omitted portions of the trial court judgment provided as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent Judgment entered by this Court on December 18, 1986, did incorporate in full, and did render enforceable in their entirety, the Lake Arthur Contract, as amended, and the Settlement Agreement and Contract Amendment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Lake Arthur Contract, as amended, is in full force and effect, and that it has not been terminated or suspended by a force majeure event as defined in Paragraph XIII of the Settlement Agreement and Contract Amendment, as incorporated into the Consent Judgment.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent Judgment and Settlement Agreement did compromise, adjudicate and eliminate, once and for all, the force majeure defenses and/or excuses to performance raised by Transcontinental Gas Pipe Line Corporation.
[5] The record reflects that Transco's suspensive appeal bond was posted on May 17, 1991, which was also within the suspensive appeal delay period.