hAMY, Judge.
Defendant, Shannon Baudin, appeals the trial court’s judgment on issues of custody, visitation, child support, and alimony penden-te lite. The defendant asserts that the judgment does not reflect an agreement of the parties nor is it based on any evidence taken by trial court. Finding merit in the defendant’s argument, we reverse and remand to the lower court.
DISCUSSION OF THE RECORD
The record reflects that the plaintiff, Todd Baudin, initially filed a Petition for Divorce and Joint Custody on September 16, 1996. After various amendments and proceedings in the matter, a hearing on the merits was scheduled for November 12, 1996 to determine the issues of custody, visitation, child support, and alimony pendente lite.
The defendant, Shannon Baudin, maintains in brief that prior to the beginning of the hearing, both parties joined the trial judge for a conference in the judge’s 12chambers. The defendant recounts that, at that time, the parties believed that they reached an agreement with regard to the issues to be settled at hearing. The parties then returned to the court room to enter the agreement, by way of a stipulation, onto the record.
The transcript of the hearing reveals that evidence was not taken on the record, nor was any considered by the trial judge. However, the proposed stipulation was not completed on the record and despite the lack of clarity or foundation in the proceedings for judgment, the trial judge indicated that the “standard visitation” schedule would be observed in this case. This “ruling” by the trial court occurred over the defense counsel’s complaint that he was not familiar with the court’s “standard visitation” and lack of clear agreement by the parties with each other or to the court’s proposal.
Nonetheless, despite the obvious breakdown of any proposed agreement and lack of an evidentiary record on which judgment could be based, the plaintiff’s counsel prepared a judgment reflecting a determination of the issues before the court. This judgment was signed by the trial judge. However, the defendant maintains that she never approved this judgment nor did she sign the form. The defendant now appeals.
LAW
Initially, the defendant argues that the judgment rendered by the trial court did not reflect the settlement reached between the parties during the in-chambers conversation *87 with the trial judge. Therefore, the defendant maintains, since the provisions of the judgment were never agreed upon by the parties, and were without |3an evidentiary basis, the matter should have properly proceeded to a trial on the merits so that the court could consider evidence presented by the parties. Finally, the defendant attacks the substance of the trial court’s judgment, assigning several errors on the merits of individual provisions within the judgment.
A judgment is a solemn adjudication of a court and settles the rights of the parties, as disclosed by the record, and passes on the matters presented for determination. Cheramie v. Vegas, 468 So.2d 810 (La.App. 1 Cir.), writ denied, 470 So.2d 122 (La.1985). Further, the Louisiana Supreme Court has stated:
A consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing hope of gain against fear of loss. La. Civ.Code art. 3071; Preston Oil Co. v. Transcontinental Gas Pipe Line Corp., 594 So.2d 908, 913 (La.App. 1st Cir. 1991). A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law. Preston Oil Co., 594 So.2d at 913.
Plaquemines Parish Government v. Getty Oil Co., 95-2452, p. 6 (La 5/21/96), 673 So.2d 1002, 1006.
The transcript of the hearing indicates that the plaintiffs counsel told the trial court that the parties had reached an agreement. However, the transcript does not reflect that the defendant confirmed such an agreement, but instead clearly demonstrates confusion and lack of agreement, as to some of the elements of the judgment executed by the trial court. With regard to visitation, the trial court allowed the parties to reach a future agreement, but in lieu of such an agreement, the court required the “standard visitation.” The following exchange took place between the trial judge and the defense counsel, Terry Aubin:
|4BY MR AUBIN:
And, so, what we’ll do is agree to do something more detailed, and we’ll present that; and with all the parties signing
[[Image here]]
BY THE COURT:
Yes. Whatever you can agree to, but if not, the standard visitation.
Additionally, the parties did not reach an agreement as to child support. In fact, the plaintiffs counsel told the court:
BY MR AUBIN:
Judge this is not what we agreed to in the child support, and we’re asking that it be made retro-active back to the date it was first asked for.
BY MR RABALAIS:
Judge he asked for child support today or yesterday, for the first time.
BY THE COURT:
That’s correct. The proceedings in this court have been fought, vigorously; you haven’t asked for child support in these proceedings, up until recently....
We cannot find, from the very scant record before us, that the parties agreed to the measures set forth in the judgment signed by the trial court.
Further, there is no indication on the record that the trial court heard any testimony or considered evidence relating to the merits of the issues before the court. This court cannot review what is not before it. As the judgment of the trial court is completely without basis on the record before us, the judgment of the lower court is reversed.
We, therefore, find the judgment invalid. Thus, we do not consider the merits of the defendant’s contentions regarding error in the various remaining portions of the judgment.
IsDECREE
For the above stated reasons, the judgment of the trial court is reversed. The matter is remanded to the lower court for *88 further proceedings. All costs of this appeal are assessed to the plaintiff, Todd Baudin.
REVERSED AND REMANDED.