JiROBERT J. BURNS, Judge Pro Tern.
This is a suit for damages for the wrongful demolition of private property brought by Vicari Construction, Inc. (hereinafter “Vi-eari”) against the Parish of Jefferson (hereinafter “the Parish”). The defendant and the plaintiff were bound by a consent judgment regarding the renovation of various buildings owned by Vicari. Vicari failed to comply with the terms of the consent judgment. Pursuant to the terms of the consent judgment, the Parish demolished Vicari’s buildings.
Vicari filed a petition seeking damages for the wrongful demolition of private property, and, over a year later, a petition to annul the consent judgment. On the first day of trial, Vicari amended its petition to limit the various claims asserted in its original petitions to a single claim for damages as a result of the wrongful enforcement of the consent judgment. Following a bench trial, the trial judge, without reasons, denied Vicari’s petition |2to annul, and ruled in favor of the Parish on the issue of liability for the demolition of Vieari’s buildings.
On appeal, Vicari asserts eight assignments of error. Based upon the record before us, we find that the trial court properly denied both Vicari’s motion to annul the August 2, 1991 consent judgment and Vicari’s petition for damages for the wrongful demolition of private property. In essence, the trial court found that the parish had the right to enforce the consent judgment and demolish the property. We agree with the trial judge and, therefore, affirm her judgment.[1]
J. HEARING OFFICER PROCEEDING
Vicari was notified by a certified letter that a hearing pursuant to Jefferson Parish’s dangerous building ordinance would be held. The purpose of this letter was to notify Vi-cari that the Parish was seeking an order requiring that Vicari’s apartment buildings be either vacated and repaired, demolished, or secured.
At the hearing, Vicari was represented by the president of its board of directors, Mr. Pete G. Vicari, and the Parish was represented by numerous parish officials. The hear *252 ing officer issued an order giving Vicari thirty days from the date of the order to do one of the following: (1) secure the buildings in accordance with Jefferson Parish’s dangerous building ordinance, (2) obtain a building permit and make the necessary repairs, or (3) obtain a building permit for the demolition of the buildings. The order also provided that in the event that Vicari failed to comply 13with the order, the Parish was authorized to demolish the buildings and place a hen on the property for the costs incurred by the demolition. The Parish recorded this order in the mortgage records for Jefferson Parish.
Vicari did not take any action as required by the hearing officer’s order. Vicari was notified by the Parish that demolition of its buildings would commence on July 29, 1991.
II. VICARI’S REQUEST FOR PRELIMINARY INJUNCTION — THE CONSENT AGREEMENT
Vicari filed for a petition for injunction on July 29, 1991, claiming that it had been unable to take any action pursuant to the hearing officer’s order for various reasons, but admitting that it had been given an additional thirty days to comply with the order. A temporary restraining order was granted by the trial court on July 29,1991.
On August 2, 1991, a hearing was held on Vieari’s petition for a preliminary injunction. Vicari’s counsel read a consent judgment into the record. The Parish agreed that by August 6, 1991, it would cancel the inscription of the hearing officer’s order from the mortgage records. Vicari agreed to perform various work by August 24,1991, and to have a representative on the property on August 26, 1991 for an inspection of the work performed. The consent judgment also provided that if Vicari should fail to comply with its terms, the Parish could thereafter demolish the buildings without giving Vicari further notice, and that Vicari would bear all costs of any such demolition. The consent judgment was later reduced to written form and signed by both the trial judge and the Parish’s attorney. However, Vicari’s attorney refused to sign the ^consent judgment.
In compliance with the consent judgment, the Parish canceled the order from the mortgage records on August 6, 1991. At a meeting held on August 22, 1991, the Parish notified Vicari that it intended to go forward with the demolition of Vieari’s buildings, as provided in, the consent judgment if Vicari had not complied with the terms of the consent judgment. By its own admission, made in open court on March 4, 1996, Vicari never attempted to comply with the terms of the consent judgment. The Parish began demolition on September 15, 1991. Demolition continued through February 4,1992. During the four month period, Vicari took no legal action to stop the demolition. The Parish placed a lien on the property in the mortgage records for the costs of the demolition.

III. VALIDITY OF THE CONSENT JUDGMENT

Vicari’s complains that the trial judge erred in dismissing Vicari’s petition to annul the August 2, 1991 consent judgment, and in failing to find that Vicari’s refusal to sign the consent judgment established a lawful withdrawal of its consent.
Louisiana Civil Code Article 3071 provides as follows:
A transaction or compromise is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing.
This contract must be either reduced into writing or recited in open court and capable of being transcribed from the record of the proceeding. The agreement recited in open court confers upon each of them the right of judicially enforcing its performance, although its substance may thereafter be written in a more convenient form. (Emphasis added).
In Plaquemines Parish Government v. Getty Oil Co., 95-2452, p. 6 (La.5/21/96), 673 So.2d 1002, 1006, the Louisiana Supreme Court Rdiscussed consent judgments as follows:
*253 A consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent and thereby put an end to a lawsuit with each party balancing hope of gain against fear of loss. La.Civ.Code art. 3071; Preston Oil Co. v. Transcontinental Gas Pipe Line Corp., 594 So.2d 908, 913 (La.App. 1st Cir.1991). A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law. Preston Oil Co., 594 So.2d at 913.
This Court finds no merit to Vicari’s claims as listed above. As the consent judgment was recited in open court by Vicari’s attorney, both Vicari and the Parish were bound by the terms of the consent judgment.

IV. VICARI’S DAMAGE SUIT

On June 15, 1992, four months after the property was demolished, Vicari filed a petition for damages for the wrongful demolition of its buildings against the Parish in the 24th Judicial District Court. Over a year later, on June 24,1993, Vicari filed a petition to annul the consent judgment that its attorney read into the record in open court August 2,1991.[2] The parties agreed to bifurcate the trial.
On the first day of the bench trial on the issue of liability, counsel for both Vicari and the Parish stipulated to an amendment of Vicari’s petition. The amendment limited the claims asserted in Vieari’s original petitions to a claim for damages as a result of the wrongful enforcement of the consent judgment. Vicari’s attorney thereafter stated that both he and the Parish’s attorney |6were in agreement that Vicari’s petition to annul the consent judgment was “moot.”
Following the submission of post-trial memoranda, the trial judge, without reasons, denied Vicari’s petition for annulment of the August 2, 1991 consent judgment, and ruled in favor of the Parish on the issue of liability for the destruction of Vicari’s buildings. Vi-cari has appealed to this Court, alleging eight assignments of error.[3]

V. DID THE PARISH WRONGFULLY ENFORCE THE CONSENT JUDGMENT?

Vicari complains that the trial judge erred as follows: (1) in failing to find that the conduct of the Parish was a wrongful enforcement of the consent agreement, (2) in failing to find that the Parish’s wrongful enforcement of the consent agreement was a cause in fact of damages sustained by Vicari, and (3) in failing to find that the law required the Parish to give Vicari notice prior to the demolition of the buildings.
We find no merit to Vicari’s claims as listed above. The consent judgment provided that Vicari would perform specific work on its buildings by 4:30 P.M. on August 24, 1991, and that Vicari would have a representative on the property between the hours of 8:30 A.M. and 3:30 P.M. on August 26, 1991 for an inspection of the work Vicari had performed. The consent judgment also provided in pertinent part:
... the owner consents that upon his failure to comply with the provisions of this Order for any reason whatsoever save for an Act of Force Majeure, the buildings may be totally and completely demolished by the 17Parish of Jefferson without further notice to the owner with the owner to bear all costs of demolition_ (Emphasis added).
Thus, the consent judgment provided that should Vicari fail to comply with its terms, the Parish could thereafter totally and completely demolish Vicari’s buildings without giving Vicari any further notice. By its own admission made in open court on March 4, 1996, Vicari never attempted to comply with the terms of the consent judgment. Therefore, the consent judgment authorized the Parish to demolish Vicari’s buildings. *254 We find that the Parish did not wrongfully enforce the consent judgment. Therefore, we also find that the Parish was not a cause in fact of any damage sustained by Vieari as a result of the demolition of its buildings.
Finally, Vieari’s contention that it did not receive notice according to law is unsupported by the record. Vieari received notice of the hearing to be held before a hearing officer, as required by the Jefferson Parish Code of Ordinances, § 19-63. The consent judgment specifically provided that should Vieari fail to comply with its terms, the Parish could demolish Vieari’s buildings without giving Vieari any further notice. In fact, although the consent judgment did not require the Parish to give Vieari any further notice prior to demolishing the buildings, Vi-cari was notified during a meeting held on August 22, 1991 that demolition would commence in September should Vieari fail to comply with the terms of the consent agreement. Accordingly, we find that Vieari did receive notice as required by the law, as well as in accordance with the consent agreement that it entered into.

CONCLUSION

We find that the consent judgment is valid. We further find that the Parish had the right to demolish the buildings injgaccordance with the consent judgment. Therefore, we affirm the trial court judgment in all respects. We further order Vieari to bear all costs of this appeal.

AFFIRMED.

. Although Vicari amended its petitions to limit the claims asserted therein to a single claim for damages for the wrongful demolition of private property, we deem it necessary to address the validity of the consent judgment.

. The suit seeking damages for the wrongful demolition of Vicari's buildings was designated as district court case number 420-579. The suit seeking the annulment of the consent judgment was designated as district court case number 434-842. These cases were consolidated at the district court level.

. In Us brief, Vicari alleges a number of procedural errors that allegedly occurred at trial. Appellate counsel for Vicari did not address these procedural issues in oral argument. We have reviewed the record and find no merit to these claims.