| | | |
|---|---|---|
| SHAUNNA B. BURRELL AND TROY D. BURRELL | * | NO. 2019-CA-1095 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| UMC, NOW KNOWN AS, UNIVERSITY MEDICAL | * | FOURTH CIRCUIT |
| CENTER MANAGEMENT | | STATE OF LOUISIANA |
| CORPORATION, DR. HEATHER MELISSA | * * * * * * * | |
| MURPHY-LAVOIE, M.D., DR. TALIA RACHELLE WALKER, M.D., DR. LIONEL A. BRANCH, JR., M.D., DR. FELIX IRAN LOPEZ-BERMUDEZ, M.D., ABC INSURANCE COMPANY, AND DEF INSURANCE COMPANY | | |

| | |
|---|---|
| CONSOLIDATED WITH: | CONSOLIDATED WITH: |
| SHAUNNA B. BURRELL AND TROY D. BURRELL | NO. 2019-C-0423 |
| VERSUS | |
| UMC, NOW KNOWN AS UNIVERSITY MEDICAL MANAGEMENT CORPORATION, ET AL. | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10935, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Tiffany G. Chase)

John Karl Etter Esq.,
RODNEY & ETTER, LLC
365 Canal Street, Suite 2690
New Orleans, LA 70130

Michael G. Bagneris
DAVILLIER LAW GROUP
935 Gravier St., Suite 1702
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFFS/APPELLANTS

C. WM. Bradley, Jr.
Richard S. Crisler
L.  David Adams
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras St., Suite 2700
New Orleans, LA 70163-2700

Peter J. Wanek
Lindsay G. Faulkner
Kathryn T. Trew
WANEK KIRSCH DAVIES, LLC
1340 Poydras St., Suite 2000
New Orleans, LA 70112

Jeff Landry
Attorney General
Amber Mandina Babin
Assistant Attorney General
LA Attorney General's Office
Dept. of Justice
1450 Poydras St., Ste. 900
New Orleans, LA 70112

      COUNSEL FOR DEFENDANTS/APPELLEES

**AFFIRMED;
WRIT DENIED
AS MOOT**

**JUNE 10, 2020**

EAL
DLD
TGC

In this consolidated matter, the Appellants, Shaunna B. Burrell and her husband Troy D. Burrell , seek review of the May 10, 2019 judgment of the district court, dismissing their medical malpractice lawsuit for failure to timely post a bond in accordance with a February 7, 2019 Consent Judgment.  Finding no error based upon our review of the applicable law and the record, we affirm the judgment of the district court for the reasons more fully discussed herein.

Additionally, Dr. Lionel A. Branch, Jr. and Dr. Felix Iran Lopez-Bermudez, seek supervisory review of the district court's April 29, 2019 judgment, denying their Exception of Insufficiency of Service of Process. We deny the writ application as moot because the underlying action is dismissed.

## Facts and Procedural History

The Burrells filed a medical malpractice lawsuit against Dr. Heather Melissa Murphy-Lavoie, M.D., Dr. Talia Rachelle Walker, M.D., Dr. Branch, M.D., Dr. Lopez-Bermudez, M.D. and the medical staff of the Interim LSU Hospital in New

Orleans, now known as University Medical Center Management Corporation ("UMC"), on October 30, 2018 in Civil District Court.[1]

In early December 2018, UMC filed a Motion for Bond Costs, which was set for hearing in February 2019. The day prior to the hearing, on February 7th, the parties entered into a Consent Judgment wherein the Burrells agreed to post a cash or surety bond covering all costs of the medical review panel, $3,300, within 30 days of the date of the judgment.

The Consent Judgment stated that UMC and the Burrells agreed the Motion to Post Bond had merit in consideration of the unanimous decision of the medical review panel in favor of UMC, under La. Rev. Stat. 40:1231.8 (I)(2)(c). Moreover, the Burrells consented to posting a cash or surety bond of $3,300 "within 30 days of the signing" of the Consent Judgment on penalty of dismissal of their action with prejudice. The Consent Judgment provided "that the plaintiffs Shauna B. Burrell and Troy D. Burrell shall post a cash or surety bond, approved by the Court, in the amount of $3,300 within 30 days of the date of signing of this Judgment." It was further decreed "if plaintiffs should fail to post the required bond within 30 days as set forth herein, plaintiffs' action shall be dismissed in its entirety with prejudice at plaintiffs' cost." Counsel for both parties signed the Consent Judgment as well as the trial judge.

---

[1] In 2016, the Burrells filed a petition for a medical review panel with the Louisiana Division of Administration. The medical review panel convened in July 2018, determining that the defendants acted within the applicable standard of care. The Burrells subsequently filed the instant suit in Civil District Court.

As the 30-day time period elapsed, Doctors Branch and Lopez-Bermudez (collectively "the Doctors") filed an Exception of Insufficiency of Service of Process. The Doctors, who are state employees, averred the Burrells' lawsuit should be dismissed due to their failure to comply with statutory requirements to serve the Louisiana Attorney General, the Office of Risk Management and the head of the department for the Board of Supervisors for LSU, under La. Rev. Stat. 39:1538 and La. Rev. Stat. 13:5107, respectively.[2] Service was requested upon the Doctors personally. Following an April 2019 hearing, the district court denied their exception. The Doctors timely filed a supervisory writ application seeking review of the April 15, 2019 ruling, which is consolidated with the instant appeal.

Meanwhile, the 30-day period set forth in the Consent Judgment lapsed on or about March 8, 2019, without the Burrells posting the required bond. UMC filed a Motion to Dismiss for Failure to Post Bond for Costs on March 13, 2019. Although the Motion to Dismiss was initially set for hearing in April 2019, it was ultimately continued to May 10, 2019.

Counsel for the Burrells avers that he was unable to secure a bond between the April and May hearings. Consequently, he signed an Affidavit of Surety, attesting that he would personally serve as surety for the medical review panel costs, which the Burrells attached to an *Ex Parte* Motion to Post Bond.

---

[2] The Doctors cite La. Rev. Stat. 39:1538(D), mandating "process shall be served upon the head of the department concerned, the office of risk management, and the attorney general." The Doctors assert the "department concerned" is the Board of Supervisors of Louisiana State University Agricultural and Mechanical College (LSU), under the facts presented. Additionally, they cite La. Rev. Stat. 13:5107(A)(2), which requires citation and service on the attorney general within 90 days.

At the May 10, 2019 hearing, the district court granted UMC's motion, dismissing the action of the Burrells with prejudice. The district court denied the Burrells' *Ex Parte* Motion to Post Bond. The Burrell's later filed a Motion for New Trial, which the district court also denied. This timely appeal followed.

The Appellants raise numerous assignments of error, principally asserting that their counsel's failure to post bond was not their fault and the district court erred in denying their *Ex Parte* Motion to Post Bond. However, the crux of this matter involves a determination of whether the Consent Judgment is binding upon the Burrells. We find that it is. Moreover, because this issue is dispositive of the consolidated matter, we first address the appeal of the May 10, 2019 judgment prior to discussing the writ application of the Doctors.

## Consent Judgment

The Burrells' principal argument on appeal is that they should not be held accountable to the Consent Judgment terms because their counsel erred in failing to timely procure a bond on their behalf. Seeking leniency and the opportunity to post a bond, the Burrells maintain it was not their fault that the bond was not timely posted. This argument is misplaced because the Burrells were aware of the ramifications of failing to timely post the bond.

"A consent judgment has binding force from the presumed voluntary acquiescence of the parties, not from adjudication by the court." *Succession of Simmons*, 527 So.2d 323, 325 (La.App. 4th Cir. 1988) (citing *Ritchey v. Azar*, 383

So.2d 360 (La.1980); *City of New Orleans v. Vanlangendonck,* 433 So.2d 432 (La.App. 4th Cir.1983)). Moreover, "a consent judgment is a bilateral contract wherein parties adjust their differences by mutual consent." *Plaquemines Par. Gov't v. Getty Oil Co.*, 95-2452, p. 6 (La. 5/21/96), 673 So.2d 1002, 1006 (citing La. Civ. Code art. 3071; *Preston Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 594 So.2d 908, 913 (La.App. 1st Cir.1991)).

Recently, in *State v. Alexcee*, 18-0714 (La.App. 4 Cir. 12/26/18), 262 So.3d 949, *writ denied*, 19-0150 (La. 6/3/19), 272 So.3d 545, we explained that review of consent judgments requires a determination of the intent of the parties based upon the language used therein:

> '[I]nterpretation of a consent judgment, *i.e.*, a contract between parties, is a determination of the common intent of the parties.' *Mayo v. Hutchison*, 2016-1642, p. 10 (La.App. 1 Cir. 9/27/17), 232 So.3d 567, 574 (citing La. C.C. art. 2045). The intent of the parties is to be determined by the words of the contract when those words are clear and explicit and lead to no absurd consequences. *Id.*

*Id.*, 18-0714, pp. 6-7, 262 So.3d at 953.

As noted above, the Consent Judgment stated the Burrells agreed and were ordered to: post a cash or surety bond of $3,300 within 30 days of February 7, 2019; and the penalty for failing to timely post a bond was dismissal with prejudice. The wording agreed to by the parties was clear and unambiguous. It is uncontested in this matter that the terms agreed to by the Burrells, as negotiated by their counsel, were not complied with by them.

Counsel for the Burrells admits his failure to consider the decretal language contained within the Consent Judgment regarding dismissal of his clients' action

5

with prejudice for noncompliance. His subsequent attempts to rectify his failure *after* the prescribed 30-day period lapsed, however, are insufficient to comply with the terms of the Consent Judgment.

The Burrells cite to general jurisprudence that dismissal is an extreme action, requiring evidence that they, as plaintiffs, personally acted with willful disobedience, bad faith or fault. *Horton v. McCary,* 635 So.2d 199, 203 (La. 1994). However, they cite no legal support for the application of such principles under the unique facts presented, where plaintiffs entered into a consent judgment binding themselves to dismissal of their own action when conditions failed to be met. Moreover, the Burrells, as the noncompliant party to the Consent Judgment, were aware from the *agreed-upon terms* that noncompliance would result in dismissal of their action with prejudice. Therefore, they are not exempt from the sanction of dismissal. *Medical Review Panel Proceedings of Peter v. Touro Infirmary*, 05-0317, p. 5 (La.App. 4 Cir. 7/6/05), 913 So.2d. 131, 134 [holding that the ultimate sanction of dismissal should be imposed only when the record shows that the plaintiff is clearly aware that his or her noncompliance will result in dismissal].

In light of this, the district court did not err in denying the Burrells' *Ex Parte* Motion to Post Bond when the time period for posting the same had lapsed.[3] Granting their *Ex Parte* motion would give the valid Consent Judgment no effect

---

[3] The Burrells assert that La. Rev. Stat. 40:1231.8 (I)(2)(C)—setting forth the requirement of posting a bond in medical malpractice suits where a unanimous medical review panel decision was rendered in favor of the defendant healthcare provider—does not provide a time period within which a bond is to be posted. While this is accurate, the Burrells willingly *bound* themselves to a time period in the Consent Judgment.

6

and would have prejudiced the Appellees by forcing them to continue defending the malpractice suit. When a consent judgment is signed by the district court, as here, it becomes a legal judgment. *In re Jones*, 10-66, p. 22 (La. App. 5 Cir. 11/9/10), 54 So.3d 54, 68. "A judgment, whether it results from the assent of the parties or is the result of a judicial determination after a trial on the merits, is and should be accorded sanctity under the law." *Preston Oil Co. v. Transcon. Gas Pipe Line Corp.*, 594 So.2d at 913. Pursuant to our review of the applicable law and facts, we find no error of law, no manifest error, and no abuse of discretion of the district court in granting UMC's Motion to Dismiss and in denying the Burrells' *Ex Parte* Motion to Post Bond.

### Exception of Insufficiency of Service of Process

In the writ application of the Doctors, as noted above, they seek review of the district court's denial of their Exception of Insufficiency of Service of Process. However, having affirmed the dismissal of the underlying action, we decline to exercise our supervisory jurisdiction to issue a merely advisory opinion as there is no relief this Court can now provide to the Doctors. See *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193 [the Louisiana Supreme Court has held that "courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies"]. Therefore, we deny the writ application of the Doctors as moot.

### DECREE

7

For the foregoing reasons, the May 10, 2019 judgment, dismissing the medical malpractice lawsuit of Shaunna B. Burrell and Troy D. Burrell, is affirmed. Lastly, the writ application of Dr. Lionel A. Branch, Jr., and Dr. Felix Iran Lopez-Bermudez, is denied as moot.

**AFFIRMED;**
**WRIT DENIED**
**AS MOOT**